CRAWFORD AND COMPANY, Appellant,

v.

Otto VIENNA, Francis Lohof, Tom Kirby, Katherine Chaisson, Carl Godtland, Marvin Mills, James McCleary, Thomas Estabrook, and Don Davis, Individually and as Class Representatives, Appellees.

SCOTT WETZEL SERVICES, Industrial Indemnity and Aetna Life & Casualty Company, Appellants,

v.

Otto VIENNA, Francis Lohof, Tom Kirby, Katherine Chaisson, Carl Godtland, Marvin Mills, James McCleary, Thomas Estabrook, Floyd Wilson, Don Davis, Individually and as Class Representatives, Providence Washington Insurance Company, Rosemurgy and Company and Crawford & Company, Appellees.

Nos. S–1645, S–1646.

Supreme Court of Alaska.

Nov. 6, 1987.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, and COMPTON, JJ.

## OPINION

RABINOWITZ, Chief Justice.

### I. INTRODUCTION.

In this appeal, Crawford and Company, an adjuster, seeks a reversal of the superior court's holding denying it attorneys' fees as a prevailing party under Civil Rule 82.[1] At issue is whether this court's holding in *Whaley v. Alaska Workers' Compensation Bd.*, 648 P.2d 955 (Alaska 1982), is properly extended to this case to limit attorneys' fees under Civil Rule 82, and whether the superior court abused its discretion. In *Whaley* we held that attorneys' fees under Appellate Rule 503(e) will be awarded against employees only if the employees' claims in a Workers' Compensation appeal are frivolous, unreasonable, or in bad faith. We are of the view that *Whaley* should be extended to cases such as this, in which workers bring a class action seeking to change a policy of the Alaska Workers' Compensation Board (Board). Nevertheless, because we conclude that the workers' claims against the adjusters were frivolous, we reverse.

### II. FACTS.

The relevant facts are stated in *Vienna v. Scott Wetzel Services*, 740 P.2d 447 (Alaska 1987) (holding that *Alaska Pac. Assurance Co. v. Brown*, 687 P.2d 264 (Alaska 1984), would be applied retroactively to the date of the superior court *Brown* decision in cases where claims remained open or were preserved for appeal). The following additional facts are relevant here. Subsequent to the entry of judgment in favor of the adjusters in the superior court, Crawford and Company moved for the entry of an award of attorneys' fees

Randall J. Weddle, Allan E. Tesche, Faulkner, Banfield, Doogan & Holmes, Anchorage, for Scott Wetzel Services, Indus. Indem., and Aetna Life and Cas., appellants in No. S–1646.

Robert L. Eastaugh, Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., Anchorage, for Crawford and Co., appellant in No. S–1645.

Chancy Croft, Anchorage, for appellees in Nos. S–1645, S–1646.

1. While the insurers also appealed the superior court's attorneys' fees holding, our reversal of the superior court's decision as to their claims on the merits, *Vienna v. Scott Wetzel Servs.*, 740 P.2d 447 (Alaska 1987), renders their appeal moot because they are no longer prevailing parties.

under Alaska Civil Rule 82. The superior court denied the motion for attorneys' fees relying on our decision in *Whaley*. This appeal followed.

### III. IS CRAWFORD AND COMPANY ENTITLED TO AN AWARD OF ATTORNEYS' FEES?

Crawford and Company contends that it should receive an award of attorneys' fees as a prevailing party under Civil Rule 82. It claims that the superior court erred in denying attorneys' fees on the basis of *Whaley*, that the workers' suit against them was frivolous, and that, therefore, it should be awarded full attorneys' fees.

■ Initially, we must determine whether *Whaley* applies here. In *Whaley* we held that a superior court abuses its discretion in granting attorneys' fees to a successful employer-defendant under Appellate Rule 508(e), unless the employee "claimant's appeal was frivolous, unreasonable, or brought in bad faith." *Whaley*, 648 P.2d at 960. Shortly after *Whaley* was decided, we amended Appellate Rule 508 to include paragraph g (amended by Supreme Court Order 512, effective October 1, 1982). Appellate Rule 508(g) provides:

> In an administrative appeal from the Alaska Workers' Compensation Board, an award of costs or attorneys' fees shall not be made against the employee/claimant in either the supreme court or the superior court unless the court finds that the claimant's position was frivolous, unreasonable, or taken in bad faith.

Subsequently, in *Smith v. State*, 706 P.2d 1160, 1164 (Alaska 1985), we upheld, under Civil Rule 82, an award of attorneys' fees to the state as the prevailing party after suit was brought by an individual employee in the superior court. The suit in *Smith* was brought against the state as a third party and was based on the alleged failure of the state's Voluntary Compliance Officer to discover and report safety hazards. *Id.* at 1161. In reaching this decision we noted that Appellate Rule 508(g) was "not applicable since this action was brought in the superior court." *Id.* at 1164 n. 11. We also stated in part: "Appellate Rule 508(g) ... is applicable only to administrative appeals from decisions of the Alaska Workers' Compensation Board...." *Id.* at 1164 n. 11.

We have not, however, previously addressed the issue of attorneys' fees in a class action suit brought by employees to change a policy of the Board. Our reasoning in *Whaley* renders *Smith* and Appellate Rule 508(g) inapplicable here.

In reaching our decision in *Whaley* we reasoned that:

> To permit an appellate court to grant attorneys' fees to prevailing party-defendants without consideration of the underlying purpose of the Alaska Workers' Compensation Act, would severely undermine the effectiveness of the statute. *The statute is designed to provide the most efficient, dignified, and certain means of determining benefits* for workers sustaining work-connected injuries, and is to be liberally construed in favor of the employee. In particular, AS 23.30.145 is unique in its generosity to claimants and their counsel.
>
> A routine grant of attorneys' fees to employer defendants would undermine the purposes of the statute and severely limit a claimant's ability to seek appellate relief. Thus, ... we choose here to reconcile our rule-making authority with the broad public policy considerations which shaped and are embodied in workers' compensation legislation.

648 P.2d at 959–60 (citations omitted and emphasis added).

The purpose of a class action is to afford numerous individuals united in interest an efficient means to adjudicate claims. *Cf.* M. Kane, A. Miller and C. Wright, 7A *Federal Practice and Procedure* § 1751, at 8 (1986) ("The obvious advantage of the representative suit was that it was far cheaper and more convenient to maintain a single proceeding in equity than to adjudicate the controversy in piecemeal fashion by multiple actions at law."). The rationale of our decision in *Whaley* applies equally here. The workers could resolve the issue of the retroactivity of *Alaska Pacific Assurance Co.* more efficiently and with greater cer-

tainty through a class action than by piecemeal decisions of the Alaska Workers' Compensation Board. Where, as here, there was disagreement among superior courts as to the retroactive application of *Alaska Pacific Assurance Co.*, the greater efficiency of class relief over piecemeal adjudication is obvious. *Cf. Sulkosky v. Aetna Casualty Co.*, 1JU–84–226 Civ. (Alaska Super., February 18, 1985), *with Vienna v. Scott Wetzel Servs.*, 3AN–84–8957 Civ. (Alaska Super., October 15, 1985).[2] We therefore hold that *Whaley* should be extended to class actions seeking to change Board policy.

Next we must determine whether the superior court abused its discretion by not finding that the workers' suit was frivolous, unreasonable, or brought in bad faith.[3] After assessing the arguments made by the employees, we conclude that their suit against Crawford and Company was frivolous and unreasonable. Crawford and Company was neither an insurer nor an employer, but merely the adjuster of claims. It is the insurers and/or employers who are responsible for paying compensation under the Act, not the adjusters. *See* AS 23.30.030(1); AS 23.30.045(a); AS 23.-30.075(a). Without an assertion of tortious behavior by the adjusters, there was no legal basis for the workers to bring suit against Crawford and Company.

We therefore reverse the superior court's denial of attorneys' fees to Crawford and Company[4] and remand the matter to the superior court for further proceedings consistent with this opinion.

MOORE, J., not participating.

M.K., Appellant,

v.

---

**2.** We take judicial notice of these unreported decisions. Alaska R.Evid. 202.

**3.** An award of attorneys' fees is subject to the broad discretion of the trial court and will not be overturned unless there is an abuse of discretion. *Wien Air Alaska v. Arant,* 592 P.2d 352, 366 (Alaska 1979). "An abuse of discretion is established where it appears that the trial court's determination as to attorneys' fees was

manifestly unreasonable." *Id.* (quoting *Palfy v. Rice,* 473 P.2d 606, 613 (Alaska 1970)).

**4.** We find no bad faith on the part of the workers. However, because the case is frivolous, full or substantially full attorneys' fees may be imposed. *See State v. University of Alaska,* 624 P.2d 807, 817–18 (Alaska 1981).