Donald CHILDS, Appellant,

v.

Charles & Helen TULIN and
Providence Washington Insurance
Co., Appellees.

Charles & Helen TULIN and Providence
Washington Insurance Co., Appellees
and Cross–Appellants,

v.

Donald CHILDS, Appellant and
Cross–Appellee.

Nos. S–3408, S–3427.

Supreme Court of Alaska.

Nov. 2, 1990.

Ernest Z. Rehbock, Rehbock & Rehbock, Anchorage, for appellant/cross-appellee.

Shelby L. Nuenke–Davison, Davison & Davison, Anchorage, for appellees/cross-appellants.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

The issue in this case is whether the superior court properly awarded attorney's fees under Appellate Rule 508(e) and (g) to Charles and Helen Tulin who were named individually as employer-appellees in Donald Childs' appeal from an adverse decision of the Alaska Workers' Compensation Board ("Board"). Such an award may be made only if the claimant's position is "frivolous, unreasonable, or taken in bad faith." Appellate Rule 508(g). The superior court found that Childs' appeal as to the Tulins

was unreasonable because Childs abandoned any claim against them by failing to specify any basis of liability in his brief before the superior court. We agree.

### I.

Donald Childs is an experienced bush pilot and guide.[1] In June 1986, Childs was told of a possible opening of a pilot position with the Kalgin Island Lodge ("Lodge"). Childs contacted Charles Tulin, who interviews and recommends pilots for the Lodge, the same day. While Tulin was not the owner of the business which operated the Lodge, he owned certain lodge facilities and was the co-owner of the real property, improvements and a number of airplanes leased to the Lodge. On July 11, 1986, Childs either volunteered or was asked by Tulin to go to a sporting goods store to pick up two fishing rods. On the way to the sporting goods store, while driving Tulin's car, Childs was involved in an auto accident and was injured.

Childs filed a workers' compensation claim against the Lodge as well as Charles Tulin Law Office and Charles and Helen Tulin in their individual capacities. After depositions and a hearing, the Board denied Childs' claim on December 26, 1986. The Board found that Childs was not an employee of any of the defendants.

Childs appealed the Board's decision as to all the defendants to the superior court. After extensive briefing, Childs indicated at oral argument that he wished to pursue the appeal of the Board's decision only as to the Lodge. The superior court affirmed the Board's decision.

Charles and Helen Tulin moved for actual attorney's fees of $7,116 pursuant to Appellate Rule 508(e) and (g) on the ground that Childs' appeal as to them was frivolous or unreasonable.[2] The superior court agreed and awarded the Tulins $4,000 in attorney's fees. Childs filed a motion for reconsideration of the order awarding fees. The superior court found that an award of fees was appropriate in this case, but that the effort expended was unreasonable and reduced the award to $2,500. Childs appeals the superior court's fee award.[3] The Tulins cross-appeal the reduction of the fee award.

### II.

An award of attorney's fees is subject to the broad discretion of the trial court and will not be overturned unless there is an abuse of that discretion. *Wien Air Alaska v. Arant*, 592 P.2d 352, 366 (Alaska 1979). "[The] superior court abuses its discretion in granting attorney's fees to a successful employer-defendant under Appellate Rule 508(e), unless the employee 'claimant's appeal was frivolous, unreasonable, or brought in bad faith.' " *Crawford and Co. v. Vienna*, 744 P.2d 1175, 1177 (Alaska 1987) (quoting *Whaley v. Alaska Workers' Compensation Bd.*, 648 P.2d 955, 960 (Alaska 1982)).

---

1. For a complete recitation of facts, see *Childs v. Kalgin Island Lodge*, 779 P.2d 310, 311–12 (Alaska 1989).

2. Appellate Rule 508 provides in pertinent part:
   (e) Attorney's Fees. Attorney's fees may be allowed in an amount to be determined by the court. If such an allowance is made, the clerk shall issue an appropriate order awarding fees at the same time that an opinion or an order under Rule 214 is filed. If the court determines that an appeal or cross-appeal is frivolous or that it has been brought simply for purposes of delay, actual attorney's fees may be awarded to the appellee or cross-appellee.
   . . . .
   (g) Exemptions. Workers' Compensation Appeals. In an administrative appeal from

the Alaska Workers' Compensation Board or in an appeal from a denial of a claim of benefits under the Employment Security Act, an award of costs or attorney's fees shall not be made against the claimant in either the supreme court or the superior court unless the court finds that the claimant's position was frivolous, unreasonable, or taken in bad faith.

3. Childs also appealed the Board's finding that the Lodge was not his employer at the time of the accident. We held that in deciding that the Lodge was not Childs' employer, the court did not apply the correct legal analysis. *Childs v. Kalgin Island Lodge*, 779 P.2d 310, 313–15 (Alaska 1989). We remanded the case for further proceedings. 779 P.2d at 315.

The Tulins maintain that Childs' appeal as to them was frivolous because Childs never even alleged that he intended to work for the Tulins individually. The Tulins cite Childs' deposition testimony where he states that all of his contacts with Charles Tulin were concerned with his employment with the Lodge.

We do not find Childs' statements dispositive of the issue whether the Tulins may have employed Childs. Childs' belief that he intended to work only for the Lodge does not preclude the possibility that an implied contract of employment may have been formed between Childs and Tulin. As we said in the first appeal in this case, "[a]n implied employment contract is formed by a relation resulting from 'the manifestation of consent by one party to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'" *Childs v. Kalgin Island Lodge*, 779 P.2d 310, 314 (Alaska 1989) (citations omitted). The record reveals sufficient evidence from which the Board may have found that an implied contract of employment existed between Childs and Tulin even if there was no express contract. Childs performed a number of errands at the Tulins' request. 779 P.2d at 312. By utilizing his services and directing Childs' work, Tulin may have manifested his consent that Childs shall work for him. By complying with Tulin's instructions, Childs may have manifested his consent to act for Tulin.

■ In addition, even if no implied contract was formed between Childs and Tulin, Childs has an alternative claim that Tulin breached his implied warranty of his authority to act for the Lodge by offering to employ him without the authority to do so.

At the hearing before the Board, the Lodge contended that Tulin did not have the authority to hire Childs. At the same time, Childs testified that Tulin offered to employ him and that he accepted the offer. Tulin does not deny that he is an agent for the Lodge. If Tulin extended an offer of employment to Childs with the Lodge which Childs accepted, but Tulin exceeded his authority as an agent of the Lodge in making such an offer, Tulin would be liable for damages caused to Childs. *See Pullen v. Dale*, 9 Alaska 643, 109 F.2d 538 (9th Cir.1940); 3 Am.Jur.2d *Agency* § 303 (1986); Restatement (Second) of Agency § 329 (1958). Childs could claim that these damages may include the loss of workers' compensation benefits.

■ Childs thus had a non-frivolous claim against the Tulins for payment of workers' compensation benefits. His appeal of the superior court's decision was not frivolous. However, this does not mean that the superior court's award of attorney's fees was an abuse of discretion. Although Childs had a potential non-frivolous claim against the Tulins, he failed to argue any such claim in his opening brief before the superior court.[4] We have held that "[f]ailure to argue a point [on appeal] constitutes an abandonment of it." *State v. O'Neill Investigations*, 609 P.2d 520, 528 (Alaska 1980). By failing to raise any claim against the Tulins in his brief, Childs abandoned whatever claim he may have had against them.[5] Once an appellant has abandoned all points on appeal as to a particular party, it is unreasonable for him to pursue the appeal against that party. Since Childs abandoned his claim against the Tulins by failing to brief it, it was

---

4. At no point in his opening brief does Childs allege that Tulin employed him. Childs' first argument is that had the Board made adequate findings, "it may possibly appear that Charles Tulin in his capacity as practicing attorney at law and owner of the facilities *did not act in own name and for himself but with apparent agency for the corporation*." Childs' second argument is that regardless of the adequacy of the Board's findings, "Childs was an employee at the time of his accident ... for reason of manifold tasks which Childs undertook under the direction or supervision or with the direct encouragement of *Charles Tulin on behalf of Kalgin*."

5. Childs' response to Tulin's argument that he did not employ Childs in his reply brief does not cure his waiver of that point in his opening brief. Where appellant argues points on appeal in its reply brief but not in its opening brief, "these points are waived." *Hitt v. J.B. Coghill, Inc.*, 641 P.2d 211, 213 n. 4 (Alaska 1982).

unreasonable for him to fail to dismiss them from the appeal.

This is precisely the basis on which the superior court ruled that Childs' appeal against the Tulins was unreasonable:

> If a lawyer decides to abandon or not pursue its claim against a party in the action, a lawyer has an obligation to dismiss the claim against the party. In this case, counsel for Childs did not specify in its brief a specific legal theory as to the basis of appellant's employment with Charles Tulin Law Offices or Charles Tulin individually, but rather presented general arguments to the court as to why the Board's decision was in error.... The court finds that appeal against Tulin to be unreasonable and devoid of merit; this finding is supported by Childs' decision to abandon the appeal against Tulin.

We agree. By failing to dismiss the appeal as to the Tulins before filing his opening brief, Childs forced the Tulins to incur substantial and unnecessary costs in defending themselves in the litigation. The Tulins had to wait until oral argument, eight months after Childs filed his brief, before Childs indicated that he did not intend to pursue the appeal against them. We hold that it was unreasonable for Childs to maintain the appeal as to the Tulins once he had abandoned any claims against them, and therefore that the superior court's award of fees to the Tulins was not an abuse of discretion.

### III.

On cross-appeal, the Tulins allege that the superior court abused its discretion in reducing the original fee award following Childs' motion to reconsider by (1) not requesting a reply from the Tulins to Childs' motion for reconsideration and (2) by reducing the fee award because the Tulins' brief was excessive. We find that both of the superior court's actions were within its discretion.

■ Appellate Rule 506(b) provides that "[n]o response to a petition for rehearing shall be received unless requested by the court." Since Appellate Rule 506 controls rehearings by the superior court acting as an intermediate court of appeals, it was within the court's discretion not to request a reply to Childs' "Motion for Reconsideration".

■ The superior court also did not abuse its discretion in reducing the fee award. Appellate Rule 508(e) authorizes the appellate court to determine the amount of fees awarded.[6] It was within the superior court's discretion to reduce the fee award based on finding that the "massive expenditure of effort" in producing the appellees' brief was not required. By so finding, the superior court determined that the reasonable fees for such an appeal were $2,500 and awarded that amount.

The decision of the superior court is AFFIRMED as modified.

COMPTON, J., concurring.

RABINOWITZ, J., with whom MATTHEWS, C.J., joins, dissenting.

COMPTON, Justice, concurring.

I concur in the court's analysis, but would expand upon the result. I would remand the case to the superior court to determine whether liability for attorney's fees should also extend to Childs' counsel as well, or whether Childs' counsel should be held primarily liable for attorney's fees. On the record before us, it appears highly unlikely that Childs had anything to do with the determination to proceed against Tulin, and while Childs is responsible for the conduct of his agent, Childs should not have to go through a cumbersome process of filing a separate suit against his counsel to recover damages he incurs as a result of his counsel's conduct. I believe Civil Rule 11 provides ample authority for a sanction against Childs' counsel.

RABINOWITZ, Justice, with whom MATTHEWS, Chief Justice, joins, dissenting.

Central to the majority's holding that the superior court's award of attorney's fees

---

**6.** *See supra* note 2.

should be sustained is its conclusion that it was unreasonable on Childs' part to pursue his appeal as to the Tulins, given his opening brief's failure to argue the question to the superior court. My reading of the record persuades me that Childs did not abandon his claim that the Tulins individually had employed him. Therefore, I dissent from the majority's opinion.

Turning first to the "Statement of Points on Appeal," the record discloses that Childs articulated the following specifications of error:

1. The Alaska Workers' Compensation Board erred in concluding that the appellant was not an employee of appellees at the time of his injury.

2. The Alaska Workers' Compensation Board erred in concluding that the appellant failed to satisfy his burden of proof in establishing the existence of an employment relationship between himself and one or all of the appellees.

These points are reiterated by Childs in the "Issues Presented For Review" section of his opening appellate brief to the superior court. In his formulation of the questions before the superior court, Childs stated that one of the issues was the following:

That the board had failed to recognize that regardless of a question whether a contract of employment with the subject lodge had been finalized, he undertook on behalf and for the appellees and during a negotiation period in reliance on finalization of employment various work efforts under the direction and supervision which a reasonable person would have understood to be in expectation of compensation.

Contrary to the majority's assertion, Childs does argue in his opening brief that Charles Tulin, acting on his own behalf, employed him:

Another question so raised was whether more plausibly, Childs was during relevant times an employee in the sense of workers' compensation acts of Kalgin Island Lodge, Inc. or of Charles Tulin and his law firm individually.

At a subsequent point in his opening brief Childs elaborates upon this claim of Tulin's individual liability:

Had the board made explicit findings then it may possibly appear that Charles Tulin in his capacity as practicing attorney at law and owner of the facilities did not act in his own name and for himself but with apparent agency for the corporation.[1]

I find it particularly telling that the appellees themselves did not consider the issue of the Tulins' individual liability abandoned. In this regard, appellees listed the following as the first "issue presented" in their appellate brief to the superior court:

There is uncontradicted evidence that no party ever intended for Donald Childs to be an employee for Charles Tulin Law Offices or Charles Tulin personally and thus the Board's findings that Donald Childs was not an employee of the Appellees is supported by the evidence, and these findings are based on a correct interpretation of Alaska Workers' Compensation Law.

Later in their appellate brief, the Tulins devote four pages of argumentation in support of their contention that "Donald Childs was never an employee of Charles Tulin Law Offices or Charles Tulin." In his reply brief, Childs observes that Tulin "... seems to be constrained to admit that for a period of time Mr. Childs undertook or completed work assignments for Kalgin Lodge and/or Tulin ..."

1. In his opening brief, Childs makes the following additional argument as to Tulin's individual liability:

Certainly ... Child's [sic] attending to obtain needed gasoline, his assistance and participating in pre-flighting a plane and the various activities, including a study of marketing methods with phone calls on behalf of the lodge ... cannot rationally indicate that Childs wanted to make a gift of his exertions whether important or not so important to the lodge or to Charles Tulin out of kindness of his heart. A reasonable attorney at law as Charles Tulin must have understood ... that he would not request work of a person like Mr. Childs without a total understanding that the work is for pay. An attorney does not need to be lectured about it that services rendered result in an obligation to compensate.

Given the foregoing, I do not believe that it can be reasonably inferred that Childs' abandoned his claim that the Tulins individually were his employer. Thus, I conclude that the superior court had no basis for awarding attorney's fees to the Tulins pursuant to Appellate Rule 508(e) and (g).