Lawrence TRUDELL, Appellant,

v.

Brent and Debra HIBBERT,
et al., Appellees.

No. S–13608.

Supreme Court of Alaska.

May 3, 2013.

Before: FABE, Chief Justice,
CARPENETI, STOWERS, and WINFREE,
Justices.

### Order on Rehearing

Appellant Lawrence Trudell, having prevailed on his claim that appellees John Brent Hibbert and Debra Hibbert were "project owners" as defined in the Alaska Workers' Compensation Act and thus responsible for providing workers' compensation, petitions for rehearing of this court's order awarding only nominal attorney's fees on appeal. We asked the parties to provide supplemental briefing on the petition for rehearing. Having reviewed that briefing, we grant rehear-

ing and conclude that Trudell is entitled to full reasonable attorney's fees for this appeal.

 We first asked the parties to address the question whether Alaska Rule of Appellate Procedure 508(g)(2)—which provides that full reasonable attorney's fees will be awarded to a successful claimant in an administrative appeal from the Alaska Workers' Compensation Appeals Commission—should be interpreted in light of the policy considerations underlying the rule to include appeals from the superior court to establish "project owner" status under AS 23.30.045. We answer this question in the affirmative. Although the rule refers specifically only to administrative appeals from the Alaska Workers' Compensation Appeals Commission, the policy behind the rule is that a successful workers' compensation claimant should recover "a full fee for the reasonable time and expense of litigating the case on appeal."[1] We can discern no reason not to apply this rule to an appeal such as the present one—an appeal from the superior court on the question of whether the owner of the property where a worker was injured came under the definition of "project owner" in AS 23.30.045. Indeed, we have previously determined that the Board and the superior court have concurrent jurisdiction to decide status as an employee for purposes of workers' compensation.[2] We decline to apply different rules to a workers' compensation action commenced before the superior court to determine project owner status and one commenced before the Board.

We next asked the parties to address whether the authority of *Smith v. State*[3] has been undercut by the authority of *Crawford & Co. v. Vienna*[4] such that *Smith* provides no bar to an award of attorney's fees here. We also answer this question in the affirmative.

*Smith* was a third-party tort case. An injured worker, who was receiving workers' compensation payments, brought an action against the State on the theory that a State inspector had failed to uncover and report safety hazards.[5] Following a defense verdict by the jury, the superior court awarded Civil Rule 82 attorney's fees to the State.[6] On appeal, we affirmed, noting in a footnote that "Appellate Rule 508(g) is not applicable since this action was brought in the superior court."[7] But in *Crawford & Co.* we distinguished *Smith* and held that the policy underlying Rule 508(g) *can* apply in some superior court cases.[8] *Crawford & Co.* involved a class action filed in superior court to resolve the question whether an earlier decision, which had found part of the Alaska Workers' Compensation Act unconstitutional, had retrospective application.[9] The workers sued insurance adjusters as part of the class action; the superior court granted summary judgment to the adjusters but refused to award them Rule 82 attorney's fees.[10] While holding Rule 508(g) inapplicable, we applied the policy behind it, as enunciated in *Whaley v. Alaska Workers' Compensation Board*.[11] *Whaley* held that "[a] routine grant of attorney's fees to employer-defendants would undermine the purposes of the statute and severely limit a claimant's ability to seek appellate relief."[12] Accordingly, we prohibited such awards unless the worker's lawsuit was frivolous, unreasonable, or brought in bad faith.[13] We

---

1. *Providence Wash. Ins. Co. v. Bonner*, 680 P.2d 96, 100 (Alaska 1984); *see also Fairbanks N. Star Borough Sch. Dist. v. Crider*, 736 P.2d 770, 775 (Alaska 1987).

2. *Nelson v. Municipality of Anchorage*, 267 P.3d 636, 643–44 (Alaska 2011) (citing *Ehredt v. De-Havilland Aircraft Co. of Canada, Ltd.*, 705 P.2d 446, 450 (Alaska 1985)).

3. 706 P.2d 1160, 1164 (Alaska 1985).

4. 744 P.2d 1175, 1176 (Alaska 1987).

5. 706 P.2d at 1161.

6. *Id.* at 1161, 1164.

7. *Id.* at 1164 n. 11.

8. 744 P.2d at 1177–78.

9. *Id.* at 1176.

10. *Id.*

11. 648 P.2d 955, 959–60 (Alaska 1982).

12. *Id.* at 959.

13. 744 P.2d 1175, 1176–78 (Alaska 1987).

distinguished *Smith* because *Smith* involved a third-party tort claim.[14]

The question before us now is whether the policies set out in *Crawford & Co.* and *Whaley* are applicable to this case. We hold that they are. Both granting fees to prevailing employer defendants (except in frivolous, unreasonable, or bad-faith cases) and denying them to prevailing employee plaintiffs would undermine the purposes of workers' compensation law. In *Crawford & Co.*, we noted that the issue of the retroactivity was resolved "more efficiently and with greater certainty" through a class action than through individual adjudication before the Board, so the policies in *Whaley* were still applicable.[15]

This is one of the first cases about project owner liability under AS 23.30.045,[16] and before this case was decided the statute's meaning and applicability were uncertain in Trudell's situation. No workers' compensation coverage was in place to cover Trudell's injuries, and the procedure to .establish a claim against a project owner before the Board was not clear. Had Trudell begun with a Board proceeding, he would have enjoyed the protections of Appellate Rule 508(g) upon appeal. But because he sought to foreclose on the lien he filed for workers' compensation benefits and asked only for those benefits, the Board would not have had jurisdiction over a foreclosure.[17] The Hibberts do not claim that Trudell's claim was unreasonable, frivolous, or brought in bad faith. Given the uncertainty in both procedure and coverage, we conclude that Trudell's case should be governed by *Crawford & Co.* rather than by *Smith*.

■ Lastly, we asked the parties to address the question whether an award of attorney's fees to Trudell under Appellate Rule 508(g)(2) would constitute an expansion of the rule after the fact such that it would deprive the Hibberts of their property without out notice. We conclude that it would not. In *Alyeska Pipeline Service Co. v. State, Department of Environmental Conservation*,[18] we held that constructive notice of the possibility of the assessment of costs in regulatory proceedings is sufficient notice for the purpose of due process requirements, even if no direct notice of possible liability for costs was given, so long as the litigant was given the opportunity to contest costs.[19] In *Wien Air Alaska v. Arant*,[20] we ordered payment of full reasonable attorney's fees in a workers' compensation appeal case.[21] And we held in *Crawford & Co.* that Alaska statutory workers' compensation provisions should apply in a class action involving workers' compensation issues brought before the superior court, even though the relevant statute, AS 23.30.145, did not expressly cover original actions in the superior court.[22] *Wien Air Alaska* and *Crawford & Co.* provide constructive notice, under *Alyeska Pipeline Service Co.*, of the possibility of an award of attorney's fees to a successful workers' compensation claimant on appeal.

For these reasons we grant Trudell's petition for rehearing on the question of attorney's fees, vacate our earlier award of $1,500 in fees on appeal, and award full reasonable fees for this appeal. Trudell shall file with the clerk of court a cost bill within 15 days of the distribution of this order. The Hibberts shall file any objection within 15 days of the filing of Trudell's cost bill.

Entered at the direction of the court.

**14.** *Id.* at 1177.

**15.** *Id.* at 1177–78.

**16.** In *Anderson v. Alyeska Pipeline Serv. Co.*, we applied the statutory definition and held that Alyeska was a "project owner." 234 P.3d 1282, 1288 (Alaska 2010). Whether the defendant was in fact a "project owner" was not at issue in *Schiel v. Union Oil Co. of California*, 219 P.3d 1025 (Alaska 2009).

**17.** *See* AS 22.10.020; *see also* AS 22.15.030(a)(7); *see also* AS 23.30.165(e).

**18.** 145 P.3d 561 (Alaska 2006).

**19.** *Id.* at 571.

**20.** 592 P.2d 352 (Alaska 1979).

**21.** *Id.* at 366.

**22.** 744 P.2d 1175, 1176–78 (Alaska 1987).