NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| CHRIS DANIELS, | ) | |
| | ) | Supreme Court Nos. S-15638/15808 |
| Appellant, | ) | (Consolidated) |
| | ) | |
| v. | ) | Superior Court No. 3UN-14-00015 CI |
| | ) | |
| DALE HOWARD, ILWU'S ALASKA | ) | MEMORANDUM OPINION |
| LONGSHORE DIVISION, and | ) | AND JUDGMENT* |
| RANDALL BAKER, | ) | |
| | ) | |
| Appellees. | ) | No. 1602 – December 7, 2016 |
| | ) | |
| | ) | |
| CHRIS DANIELS, | ) | |
| | ) | |
| Appellant, | ) | Superior Court Nos. 3UN-14-00014/ |
| | ) | 00021 CI (Consolidated) |
| v. | ) | |
| | ) | |
| JENNIFER TUNGUL, MARION | ) | |
| DAVIS, and DEBORAH JEFFREY, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeals from the Superior Court of the State of Alaska, Third Judicial District, Unalaska, Pat L. Douglass, Judge.

Appearances: Chris Daniels, pro se, Bellingham, Washington, Appellant. Bonnie Bull and Raymond E. Goad, Jr., Jermain Dunnagan & Owens, P.C., Anchorage, for

---

*        Entered under Alaska Appellate Rule 214.

Appellees Dale Howard, ILWU's Alaska Longshore Division, and Randall Baker. Allen F. Clendaniel, Sedor, Wendlandt, Evans & Filippi, LLC, Anchorage, for Appellees Jennifer Tungul, Marion Davis, and Deborah Jeffrey.

Before: Stowers, Chief Justice, Winfree, Maassen, and Bolger, Justices. [Fabe, Justice, not participating.]

## I.    INTRODUCTION

After a dispute over a mandatory drug and alcohol screening test, a casual worker was not permitted to take a fitness test for dispatch through the local longshoreman's union hall. The worker later brought two separate suits for lost wages, one against two union officers and the union and one against three shipping company employees. The superior court dismissed all claims in each suit on summary judgment. The worker filed separate appeals and we heard oral arguments in both appeals. After considering the record and the parties' arguments in each case, we consolidated the cases for decision. We now affirm the superior court's decisions dismissing the worker's suits.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

The International Longshore and Warehouse Union's (ILWU) Alaska Longshore Division is a state-wide labor organization representing longshoremen; it also dispatches casual workers for longshoreman work through its union hall. To be eligible for dispatch casual workers are required to pass a drug and alcohol screening test, a strength and agility fitness test, and a physical examination.

A Collective Bargaining Agreement (Agreement) governs longshoreman employment, dispatch, and dispute resolution. A Joint Port Labor Relations Committee (Port Committee) presides over each port where work is conducted under the Agreement, and it is responsible for administering the procedures qualifying applicants for

longshoreman employment. The Port Committee also investigates and resolves employment disputes. Grievances and disputes not settled promptly must be referred to the Port Committee, whose decisions are final and binding.

Chris Daniels intermittently had been a casual worker prior to being placed on a no-dispatch status in late 2008 or early 2009.[1] Despite his apparent no-dispatch status, Daniels arrived at the union dispatch hall early in February 2014 seeking to take the fitness test. Daniels did not take the prerequisite drug test. Daniels then was asked to leave the dispatch hall. Daniels did not bring a grievance concerning this incident to the Port Committee for dispute resolution.

B.     Proceedings

Within a few weeks of the incident Daniels filed suit against the ILWU's Alaska Longshore Division and one of its Safety Officers, Dale Howard. Daniels later added another union officer, Vice Business Agent Randall Baker, to the suit. Howard had been present at the dispatch hall during the incident and had asked Daniels to leave; Baker was not present during the incident and was not involved with or responsible for the drug or fitness programs.

Shortly after filing his complaint against the union and the union officers, Daniels brought suit against Jennifer Tungul, Terminal Operations Manager for Horizon Lines; Marion Davis, Vice President of the Alaska Trade Lane for Horizon Lines; and Deborah Jeffrey, Terminal Manager for American President Lines.[2] Tungul and Jeffrey

---

[1]     Daniels's employers had complained that he made several false workers' compensation claims. The Port Committee conducted a review and determined there was sufficient evidence of wrongdoing to place Daniels on no-dispatch status. Daniels apparently never challenged this determination through the grievance process, and it is not before us in this appeal.

[2]     Daniels filed separate suits against the Horizon and American employees,
(continued...)

served as employer representatives on the Port Committee. It does not appear that Davis was a Port Committee representative.

In each suit Daniels sought $9,800 in lost wages, alleging that he had been denied "the right to participate in the . . . 'fitness test' in an especially malicious and reckless act of employment discrimination" in violation of the federal Age Discrimination in Employment Act (ADEA), the federal Americans with Disabilities Act (ADA), and the Commerce Clause of the federal constitution. Daniels later sought to consolidate all of his suits, claiming the parties, "acting collectively, denied [him] the right to participate in their newly instituted 'fitness test' in an especially malicious and reckless act of Employment Discrimination."[3] The superior court did not grant consolidation.

The union officers and the union sought summary judgment in their lawsuit, contending that: Daniels's refusal to take the drug test barred him from taking the fitness exam; his claim was moot because he was ineligible for dispatch; the union was not responsible for administering the fitness exam; Daniels had failed to exhaust his administrative remedies under the Agreement; union officials cannot be liable for damages for official acts on behalf of the union; there was no evidence to support Daniels's discrimination claims; and Daniels's Commerce Clause claim had no basis in

---

[2]    (...continued)
but the suits were consolidated in the superior court. Daniels also listed Horizon Lines of Alaska and American President Line, Ltd. as defendants, but failed to serve either company.

[3]    The Agreement provides that the Port Committee is responsible for prescribing and measuring the standards qualifying an applicant for employment as a longshoreman. The record shows that the Port Committee had assigned the administration of the fitness exam to a health clinic and required that applicants pass a drug test as a prerequisite for eligibility to take the fitness exam.

law. In response Daniels asserted that: he did not refuse to take the drug test; others who had been present at the dispatch hall would refute Howard's version of events; he had not been placed on permanent no-dispatch status because in 2012 he had been dispatched as a longshoreman; and genuine issues of material fact therefore existed. The superior court granted summary judgment in favor of the union and the union officers without specifying the basis.

The shipping company employees also sought summary judgment in their lawsuit, contending that they had no individual liability under the ADEA or ADA, that there is no private right of action under the Commerce Clause, and that Daniels's refusal to comply with mandatory drug testing barred him from bringing a discrimination claim. In response Daniels asserted that he did not refuse to take the drug test and that genuine issues of material fact existed. He claimed records would show the Port Committee had discriminated against him. The superior court granted summary judgment in favor of the shipping company employees on the grounds that all issues had been decided in Daniels's suit against the union officers and that res judicata barred Daniels's claims.

Daniels appeals both summary judgment decisions, and he also asserts two issues neither raised nor litigated in the superior court: (1) whether the mandatory drug test violates Alaska's constitutional right to privacy; and (2) whether the union breached its duty of fair representation.

## III.   STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo;[4] we will affirm if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law after drawing "[a]ll reasonable factual inferences . . . in favor of the non-

---

[4]   *Wongittilin v. State*, 36 P.3d 678, 680 (Alaska 2001) (citing *Brady v. State*, 965 P.2d 1, 8 (Alaska 1998)).

moving party."[5]  We may affirm a grant of summary judgment based on any grounds appearing in the record.[6]

## IV.  DISCUSSION

### A.  The Right To Privacy And Duty Of Fair Representation Issues Are Not Properly Before Us.

"A party may not raise an issue for the first time on appeal."[7]  Daniels raised only three claims in the superior court:  (1) age discrimination under the ADEA; (2) disabilities discrimination under the ADA; and (3) a Commerce Clause theory.  He did not reference constitutional privacy rights or the union's duty of fair representation until this appeal.  The privacy and duty of fair representation issues are not properly before us and we will not consider them.

### B.  We Affirm The Dismissal Of Daniels's Claims.[8]

#### 1.  Age and disability discrimination claims

Daniels argues that he was denied the right to take a fitness test — a prerequisite to being employed as a casual worker — in violation of both the ADEA and

---

[5]   *Id*. (citing *United Airlines, Inc. v. Good Taste, Inc.*, 982 P.2d 1259, 1262 (Alaska 1999)); *Olivit v. City & Borough of Juneau*, 171 P.3d 1137, 1142 (Alaska 2007).

[6]   *Snyder v. Am. Legion Spenard Post No. 28*, 119 P.3d 996, 1001 (Alaska 2005) (first citing *Marshall v. First Nat'l Bank of Alaska*, 97 P.3d 830, 835 (Alaska 2004); then citing *Ransom v. Haner*, 362 P.2d 282, 285 (Alaska 1961)).

[7]   *Rude v. Cook Inlet Region, Inc.*, 294 P.3d 76, 101 (Alaska 2012) (quoting *Brandon v. Corr. Corp. of Am.*, 28 P.3d 269, 280 (Alaska 2001)).

[8]   Because we may affirm a grant of summary judgment based on any grounds supported by the record, *Snyder*, 119 P.3d at 1001, we affirm the dismissal of all claims against the shipping company employees as discussed below without considering whether these claims are barred under res judicata.

the ADA.[9]  A party making claims under either statute "must first establish a prima facie case" to survive summary judgment.[10]   Although we construe pleadings by self-represented litigants liberally,[11] all litigants must still present enough evidence to support their claims.[12]

We conclude that Daniels did not establish a prima facie case for his discrimination claims.  To establish a prima facie case under the ADEA, Daniels was required to "produc[e] evidence that he . . . was (1) at least forty years old, (2) qualified for the position for which an application was submitted, (3) denied the position, and (4) the [position] was given to a substantially younger person."[13]  Assuming that Daniels was over 40 years old, he points to no evidence showing that he either was "qualified for the position for which an application was submitted" or that the position "was given to

---

[9]      *See* 29 U.S.C. § 623(a)(1) (2012) (prohibiting age discrimination); 42 U.S.C. § 12112 (prohibiting discrimination "on the basis of disability").

[10]      *Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280-81 (9th Cir. 2000)) (requiring a prima facie case to survive summary judgment for alleged age discrimination claims under the ADEA); *see Moody-Herrera v. State, Dep't of Nat. Res.*, 967 P.2d 79, 88 (Alaska 1998) (requiring a prima facie case to survive summary judgment for alleged disability discrimination claims under the ADA).

[11]      *Toliver v. Alaska State Comm'n for Human Rights*, 279 P.3d 619, 622 (Alaska 2012) ("[W]e consider pro se pleadings liberally in an effort to determine what legal claims have been raised." (citing *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1150 (Alaska 2009))).

[12]      *See Shelley*, 666 F.3d at 608; *Moody-Herrera*, 967 P.2d at 88; *see also Capolicchio v. Levy*, 194 P.3d 373, 380 (Alaska 2008) (affirming summary judgment against self-represented litigant who failed to establish prima facie case).

[13]      *Shelley*, 666 F.3d at 608 (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).

a substantially younger person."[14] Because Daniels failed to establish a prima facie case under the ADEA, we affirm the superior court's dismissal of his claim.

We reach the same conclusion with respect to Daniels's ADA claim. Under the ADA a plaintiff must show: "(1) that he or she is an individual who has a disability within the meaning of the statute; (2) that he or she could perform the essential functions of the position . . . ; and (3) that he or she has suffered an otherwise adverse employment decision because of the disability."[15] No evidence in the record shows that Daniels "has a disability within the meaning of the statute."[16] Because Daniels failed to establish a prima facie case under the ADA, we affirm the superior court's dismissal of his claim.

Because Daniels did not establish a prima facie case, we affirm the dismissal of his ADEA and ADA discrimination claims.

### 2. The Commerce Clause claim

Daniels does not reference his Commerce Clause theory on appeal. "[F]ailure to argue a point [on appeal] constitutes an abandonment of it."[17] We note that the Commerce Clause authorizes Congress to pass laws regulating interstate commerce.[18] Private individuals may challenge these laws as an invalid exercise of congressional power,[19] and also may challenge state or local government laws improperly burdening

---

[14]    *Id.*

[15]    *Moody-Herrera*, 967 P.2d at 88 (citations omitted).

[16]    *Id.*; *see* 42 U.S.C. § 12102(1).

[17]    *Childs v. Tulin*, 799 P.2d 1338, 1340 (Alaska 1990) (alterations in original) (quoting *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 528 (Alaska 1980)).

[18]    U.S. Const. art. I, § 8, cl. 3.

[19]    *See, e.g.*, *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. (continued...)

interstate commerce.[20] But, as the shipping company employees argued in the superior court and to us, the Commerce Clause does not appear to provide for a private individual to sue another private individual for damage liability, as Daniels tried to do here. Daniels has never explained under what theory his Commerce Clause claim is possible.

We therefore affirm the dismissal of Daniels's Commerce Clause claim.

### 3. Disputed facts

Daniels argues that summary judgment was not proper because there are genuine issues of material fact. Although there may be some disputed facts, none are material because they do not go to issues that would change the outcome of this case.

## C. Daniels's Other Arguments Have No Merit.

### 1. Notice of summary judgment motion

Daniels contends he was "totally unaware of" the union and its officers' motion for summary judgment until he saw it posted electronically in the court records, and that it was sent to the wrong address. Despite Daniels's claim, the record reflects that he was served proper notice of the summary judgment motion and was granted additional time to respond. We see no prejudice to Daniels.

### 2. Judicial bias

Daniels alleges that the superior court encouraged the court clerk to ignore his filings during proceedings and that the court had decided to grant summary judgment before Daniels was notified of the motion. These claims are unsubstantiated, and in light

---

[19]     (...continued)
2000).

[20]     *See, e.g., New Energy Co. of Ind. v. Limbach*, 486 U.S. 269, 278-80 (1988).

of the indisputable legal basis for the dismissal of Daniels's ADEA and ADA claims and his failure to explain his Commerce Clause claim, no reasonable person could assign improper bias to the ultimate result in this case.

## V.    CONCLUSION

We AFFIRM the dismissal of Daniels's claims in both cases.