Warren A. **TAYLOR**, Administrator of the Estate of Max Lieb, Jr., deceased, Appellant,

v.

**INTERIOR ENTERPRISES, INC.,** Appellee.

No. 1113.

Supreme Court of Alaska.

June 15, 1970.

Warren A. Taylor, Fairbanks, for appellant.

Charles J. Clasby, Fairbanks, for appellee.

Before BONEY, C. J., DIMOND, J., and FITZGERALD, Superior Court Judge.

## OPINION

DIMOND, Justice.

Max Lieb, Jr., a 16-year old boy, was killed in an airplane crash. The appellant, Warren Taylor, administrator of the boy's estate, brought this wrongful death action for damages, based on the alleged negligence of the airplane's owner and operator, appellee Interior Enterprises, Inc.

The case was tried before a jury. After both parties had presented their evidence, the court directed a verdict for appellee. The basis for the directed verdict was the court's determination that Lieb was an employee of appellee when he was killed, that his death arose out of and in the course of such employment, and that the exclusive remedy provisions of either the federal Defense Base Act [1] or the Alaska Workmen's Compensation Act [2] barred any right to maintain an action for damages for wrongful death.

The compensation acts mentioned would be applicable if Lieb was an employee of appellee and his death had arisen "out of and in the course of" such employment.[3] Appellant contends that this question should not have been decided by the court, but was a factual question that was within the province of the jury to decide. That is his only point on this appeal.

In the trial of a case there are certain issues to be resolved. Frequently the question arises as to whether a particular issue is to be decided by a jury or by the court. The terminology and test used by the courts to distinguish between the functions of the jury and the court in this respect is whether a particular issue involves a question of fact or a question of law. If the former, it is generally decided by the jury;

1. The federal Defense Base Act, 42 U.S.C. § 1651 et seq., applies the Longshoremen's and Harbor Workers' Compensation Act to the death of an employee engaged in certain employment related to defense bases located in a foreign country or a territory or possession of the United States. At the time of the accident, Alaska was a Territory of the United States. The exclusive remedy provision of the Longshoremen's and Harbor Workers' Act provides:

    *Exclusiveness of liability*
    The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense

    that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee. 33 U.S.C. § 905.

2. At the time of the accident, the exclusive remedy provision of the Alaska Workmen's Compensation Act provided:
    The right to compensation for an injury and the remedy therefor granted by this Act shall be in lieu of all rights and remedies as to such injury now existing either at common law or otherwise, and no rights or remedies, except those provided for by this Act, shall accrue to employees entitled to compensation under this Act while it is in effect; nor shall any right or remedy, except those provided for by this Act accrue to the personal or legal representative, dependents, beneficiaries under this Act, or next of kin of such employee * * *. § 43-3-10 ACLA (1949).
    The existing provision on this point is found in AS 23.30.055.

3. Longshoremen's and Harbor Workers' Act, 33 U.S.C. §§ 902(2), 903. Alaska Workmen's Compensation Act, § 43-3-1 ACLA (1949).

if the latter, by the court. There are numerous cases concerning the question of whether certain issues involve questions of fact or questions of law.[4]

■ Our constitution preserves the right of trial by jury in civil cases "to the same extent as it existed at common law."[5] It is a common law principle that where there is a trial by jury, questions of fact must be decided by the jury and may not be re-examined by the court. But also at common law the courts have exercised the power of removing from consideration by a jury factual issues in a case where the court decides there is insufficient evidence to raise a question of fact to be presented to the jury.[6] This practice has been explicitly approved in the promulgation of Civil Rule 50 dealing with directed verdicts.[7]

■ In deciding whether the evidence is sufficient to raise a question of fact to be presented to the jury, the court applies a criterion. In Alaska's court the criterion is whether there is room for a difference of opinion among reasonable men as to the factual issue in controversy. If there is, the issue is submitted to the jury for its determination. If not, the court decides the issue without reference to the jury.[8] When the court determines whether there is a question of fact to be presented to the jury, the court is deciding a question of law, i. e., whether as a matter of law, there can or cannot be any legitimate question as to the fact which will require jury determination. It is in the exercise of this function of the court that the basic distinction arises between a question of fact and a question of law.

■ In this case the factual issues presented were whether Max Lieb, Jr., at the time of his death, was an employee of appellee and whether his death arose out of and in the course of such employment. The pilot of the plane, Donald J. McDonald, was killed in the crash. Lieb's mother was the only witness for appellant. She testified that her son hauled freight to the airstrip for McDonald or for the company that McDonald worked for. She did not know any of the details of the arrangements between her son and McDonald, but she testified that on some days her son would not return home for dinner and she was sure he had gone on the airplane with McDonald.

Appellee's president, James Magoffin, was the only witness for appellee. He testified that McDonald was a pilot for appellee and had authority to hire necessary help to load and unload the aircraft, that

4. *See* 35A Words and Phrases, Question of Fact, Question of Law, at 503–607 (1963).

5. Alaska Const. art. I, § 16 provides:
   In civil cases where the amount in controversy exceeds two hundred fifty dollars, the right of trial by a jury of twelve is preserved to the same extent as it existed at common law. The legislature may make provision for a verdict by not less than three-fourths of the jury and, in courts not of record, may provide for a jury of not less than six or more than twelve.

6. *See* Galloway v. United States, 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943); 2B Barron & Holtzoff, Federal Practice & Procedure § 1071 (Rules ed. 1961); 5 J. Moore, Federal Practice ¶ 50.02 [3], at 2331 (2d ed. 1969).

7. Civ.R. 50(a) provides:
   *When Made—Effect.* A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor.
   *See* Galloway v. United States, supra n. 6, 319 U.S. at 389, 63 S.Ct. at 1086, 87 L.Ed. at 1470.

8. Merrill v. Faltin, 430 P.2d 913, 916 (Alaska 1967); National Bank of Alaska v. McHugh, 416 P.2d 239, 242 (Alaska 1966); Mallonee v. Finch, 413 P.2d 159, 160–161 (Alaska 1966); McCoy v. Alaska Brick Co., 389 P.2d 1009, 1010 (Alaska 1964); Snipes v. March, 378 P.2d 827, 828–829 (Alaska 1963).

this included authority to take people along on a trip to unload the airplane at its destination, that the company policy, which had been communicated to McDonald, was that nobody was to be carried in the aircraft who was not essential to the mission, that he knew that McDonald had hired Max Lieb, Jr., and that appellee's Fairbanks office had processed Lieb's time records and issued his checks.

All of this evidence points to the fact that Lieb's accidental death was connected with an incident of his employment.[9] The only possible contrary inference is contained in appellee's report of the death to the deputy commissioner.[10] There it was shown on a printed form that Max Lieb, Jr.'s, "regular occupation" was a part-time freight handler at a wage of $2 an hour. Item 10 of the form asked the question: "Was he injured in regular occupation?" The answer given by appellee was: "No". This could be construed as meaning that traveling in appellee's airplane was not part of Lieb's regular occupation as a part-time freight handler. But this does not detract from the strong inference created by all of the evidence that when Lieb was killed he was within the scope and course of his employment by reason of the pilot's authority to take him along on the trip to help unload the freight at the airplane's destination.

Considering all of the evidence presented, we are of the opinion that reasonable minds could not differ on the question as to Lieb's status as an employee and that they could reach only one conclusion—that Lieb's death was connected with an incident of his employment with appellee. The trial judge was correct in holding that there was no question as to the fact that Lieb's accidental death arose out of and in the course of his employment, that there

was no factual question on this point to be presented to the jury, that under the exclusive remedy provision of workmen's compensation laws there was no cause of action for damages for wrongful death by reason of the alleged negligence of appellee, and therefore that a verdict should be directed for appellee.

The judgment is affirmed.

CONNOR and RABINOWITZ, JJ., not participating.

---

9. In Northern Corp. v. Saari, 409 P.2d 845, 846 (Alaska 1966) we said:

   [I]f the accidental injury or death is connected with any of the incidents of one's employment, then the injury or death would both arise out of and be in the course of such employment.

*See also* State Dept. of Highways v. Johns, 422 P.2d 855, 859 (Alaska 1967).

10. Following Lieb's death, appellee filed with the deputy commissioner administering the Longshoremen's and Harbor Workers' Act an employer's report of death.