Alydane T. SEARFUS, Appellant,

v.

NORTHERN GAS COMPANY, Inc.,
Appellee.

No. 1148.

Supreme Court of Alaska.
July 31, 1970.

RABINOWITZ, Justice.

Appellant Alydane Searfus brought an action for personal injuries against appellee Northern Gas. In its answer, Northern Gas denied any negligence on its part, asserted that Alydane Searfus was contributorily negligent, and as a separate affirmative defense contended that since appellant was its employee at the time the accident happened her sole remedy was under the Alaska Workmen's Compensation Act. A superior court jury returned a general verdict in Northern Gas' favor and by special interrogatory found that Alydane Searfus was an employee of Northern Gas.

The gist of appellant's appeal is that the trial court erroneously defined the term "employee" in its instructions to the jury and erroneously instructed on the effect which the jury was required to give to a determination that an employment relationship existed between Northern Gas and appellant. Study of the record and applicable law has led us to the conclusion that the superior court's judgment should be affirmed.

Regarding Northern Gas' defense that appellant's exclusive remedy was under the Workmen's Compensation Act, the trial court instructed that:

> The relation of master and servant arises out of a contract of employment between a master or employer and a servant or employee, and usually contemplates the employer's right both to prescribe the end and to direct the means and methods of doing the work. In a specific sense a servant is one who represents the will of the master, not only in the ultimate result of the work but in the details by which the result is accomplished.

In determining this question four principal factors may be considered, namely:

(1) Direct evidence of the right to control or the exercise of control;

(2) Method of payment;

(3) Furnishing of equipment; and

(4) The right to terminate the employment relationship

Robert A. Parrish, Fairbanks, for appellant.

Howard Staley, Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellee.

Before BONEY, C. J., DIMOND, RABINOWITZ, and CONNOR, JJ., and STEWART, Superior Court Judge.

This instruction was based upon our decision in Cordova Fish & Cold Storage Co. v. Estes, 370 P.2d 180, 184 (Alaska 1962), and reflects the reliance placed upon that decision by the trial court and counsel for both parties to this appeal. In *Cordova,* we said that

> one is to be regarded as an employee if the principal has the right to control the details of the work.[1]

Perhaps overlooked at trial is the fact that the *Cordova* opinion rests on a statutory provision which was repealed in 1959.[2] The controlling statutory provision in *Cordova* read as follows:

> Any person rendering service for another, *other than as an independent contractor, * * * is presumed to be* an employee within the meaning of this Act. The term "independent contractor" shall be taken to mean, for the purposes of this Act, any person who renders service, other than manual labor, for a specified result, *under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished.*[3]

(emphasis added)

Using the foregoing as a guiding criterion, we said in *Cordova* that:

> It is clear from the Board's decision that it had evidence before it on the four

principal factors showing right of control, namely: (1) direct evidence of right or exercise of control; (2) method of payment; (3) furnishing of equipment; and (4) the right to fire.[4]

Since our compensation act has no provision comparable to the one construed in *Cordova,* there is now no controlling authority, in case or statute, defining "employee."[5] Counsel for appellant states that the *Cordova* decision is "directly in point," and then argues that Northern Gas did not produce any evidence as to the requisite four factors establishing its right to control the details of Alydane Searfus' work.

We hold that the trial court's instruction defining "employee" was not prejudicial error. Most jurisdictions define "employee" as a servant in the master-servant sense.[6] Alaska's present compensation act treats some persons as "employees" who are not servants and excludes some servants from the category of employee. For example, an uninsured subcontractor's employees are considerd employees of the contractor, though they are not servants of the contractor;[7] part-time baby sitters, cleaning persons, and harvest help are not treated as employees, though they may be servants in the common law sense.[8] Use of the common law definition of "servant" as the definition of "employee" for workmen's compensation purposes has been sub-

1. Cordova Fish & Cold Storage Co. v. Estes, 370 P.2d 180, 184 (Alaska 1962).

2. S.L.A.1959, ch. 193 § 42.

3. § 43-3-9 A.C.L.A.(1949).

4. Cordova Fish & Cold Storage Co. v. Estes, 370 P.2d 180, 184 (Alaska 1962) (footnote omitted).

5. Alaska's present act, AS 23.30.265(11), defines "employee" as "an employee employed by an employer as defined in paragraph (12)." AS 23.30.265(12) defines "employer" as "the state or its political subdivision or a person employing one or more persons in connection with a business or industry coming within the scope of this chapter and carried on in this state."

6. 1A A. Larson, The Law of Workmen's Compensation § 43.10 (1967).

7. AS 23.30.045(a) ; Thorsheim v. State, 469 P.2d 383 (Alaska, May 22, 1970).

8. AS 23.30.230 provides:
   As defined by regulations adopted by the board, part-time baby sitters, cleaning persons, harvest help and similar part-time or transient help are not covered by this chapter.
   No contention was made at trial or advanced on appeal that appellant Alydane Searfus came within AS 23.30.230 and was therefore not covered by the Alaska Workmen's Compensation Act.

jected to thoughtful criticism.[9] To a large extent we are in accord with criticism of the master-servant test of control. In our view, such an approach employs too narrow a criterion for determination of employee status in light of the rationale of compensation acts. In Gordon v. Bur-, gess Construction Company, 425 P.2d 602, 605 (Alaska 1967), we said:

> The social philosophy responsible for workmen's compensation legislation has been well expressed by Professor Larson as follows:
>
> "The ultimate social philosophy behind compensation liability is belief in the wisdom of providing, in the most efficient, most dignified, and most certain form, financial and medical benefits for the victims of work-connected injuries which an enlightened community would feel obliged to provide."

Professor Larson states that the theory of compensation legislation is that the costs of all industrial accidents should be borne by the consumer as a part of the cost of the product. From this principle, Professor Larson infers that "the nature of the claimant's work in relation to the regular business of the employer" should be the test for applicability of workmen's compensation, rather than the master-servant test of control which has been developed to delimit the scope of a master's vicarious liability to third persons for torts committed by his servants.

> It follows that any worker whose services form a regular and continuing part of the cost of that product, and whose method of operation is not such an independent business that it forms in itself a separate route through which his own costs of industrial accident can be channelled, is within the presumptive area of intended protection.[10]

Terming this approach the "relative nature of the work" test, Larson would have the trier of fact determine "employee" status through consideration of the character of the claimant's work or business, and the relationship of the claimant's work or business to the purported employer's business. In evaluating the character of the claimant's work, the trier of fact is to consider the degree of skill involved, the degree to which it is a separate calling or business, and the extent to which it can be expected to carry its own accident burden. Concerning the relationship of the claimant's work to the purported employer's business, the trier of fact is to consider how much it is a regular part of the employer's regular work, whether it is continuous or intermittent, and whether the duration is sufficient to amount to the hiring of continuing services as distinguished from contracting for the completion of a particular job.[11]

■ We believe that the "nature of the work" test should be adopted in resolving future employee status issues under the Alaska Workmen's Compensation Act.[12] Such an approach is, in our view, more consonant with the philosophy of compensation legislation than the master-servant control test. Designation of the precise

9. 1A A. Larson, The Law of Workmen's Compensation §§ 43.42, 43.50 (1967); Stevens, The Test of the Employment Relation, 38 Mich.L.Rev. 188 (1939); Tata v. Benjamin Muskovitz Plumbing & Heating, 354 Mich. 695, 94 N.W.2d 71 (1959).

10. 1A A. Larson, The Law of Workmen's Compensation § 43.51, at 633 (1967).

11. Id. § 43.52.

12. Compare Hannigan v. Goldfarb, 53 N.J. Super. 190, 147 A.2d 56, 58 (1958), a case endorsing Professor Larson's view. The case says that for purposes of defin-

ing "employee" in a workmen's compensation case, decisions construing the term in social security and unemployment compensation acts are relevant. See AS 23.20.525(a)(4)(A), (B), and (C) as to the Alaska Employment Security Act's definition of "employment." This section of the Employment Security Act provides:

(4) service performed by an individual whether or not the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the department that

(A) the individual has been and will continue to be free from control and

boundaries of, and the relevant factors involved in, the "nature of the work" test must, absent legislative definition, await further development through judicial decision.

■ In the case at bar, the trial court's instruction embodying the master-servant control test for determination of "employee" status was harmless error because this test is narrower than the "nature of the work" criterion and therefore more favorable to appellant than an instruction using the relative nature of the work test. Further, the record contains ample evidence in support of the conclusion that appellant was an employee of Northern Gas under either the master-servant control test or the "relative nature of the work" standard.

Appellant's second specification of error asserts that the trial court's instruction pertaining to the effect to be given a determination that appellant was an employee of Northern Gas was erroneous. Instruction number 20 reads as follows:

> [T]hat if [appellant] was an employee of * * * Northern Gas Company, she has no right to recover from Northern Gas Company in an action such as this, but in such case, her only remedy as an employee against her employer is under the Workmen's Compensation Act which is not involved in this litigation.

If you find that the [appellant] was an employee of [appellee], you are not to concern yourself with her rights under workmen's compensation, as that is not an issue in this lawsuit.

At trial, counsel for appellant objected to this instruction on the ground it was incomplete because the jury was not informed that, given employee status, the compensation act would not bar recovery in tort unless Northern Gas had complied with the act. In appellant's brief, the only argument advanced in support of this specification of error is the court's failure to instruct the jury that Northern Gas had the burden of proving that appellant was an employee of Northern Gas and that Northern Gas had complied with the provisions of our compensation act.

■ The record lacks any evidence showing that Northern Gas failed to secure payment of compensation to appellant as required by the Alaska Workmen's Compensation Act. Absent any jury issue, we find no error in the trial court's instruction number 20. We also find appellant's burden of proof argument without merit. From a reading of the trial court's instructions as a whole, we think the jury was adequately informed that Northern Gas was required to prove by a preponderance of the evidence that Alydane Searfus was its employee.[13]

The judgment entered below is affirmed.

---

direction in connection with the performance of the service, both under his contract for the performance of service and in fact;

(B) the service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and

(C) the individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

13. AS 23.30.045(a) states that an "employer is liable for and shall secure the payment to his employees of the compensation payable" under the act. AS 23.30.-

055 provides that in the event "an employer fails to secure payment of compensation * * * an injured employee * * * may elect to claim compensation * * * or to maintain an action against the employer at law. * * *" If the injured employee elects to maintain a tort action, AS 23.30.055 further provides that the employer is barred from pleading assumption of risk, contributory negligence, or the fellow servant doctrine, as defenses to the action. *See also* AS 23.30.060. We find no merit in appellant's quasi-estoppel-"blow hot and cold" argument. Appellant's authorities are inapposite. Further, we believe this question to be controlled by the provisions of AS 23.30.055. *See* Taylor v. Interior Enterprises, Inc., 471 P.2d 405 (Alaska, June 15, 1970).