■ MARTIN FLATAU, Appellant, v. FAIRCHILD CAMERA AND INSTRUMENT CORP., Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered April 8, 1971, in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiff's case at a jury trial limited to the issue of liability. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. In our opinion, it was error to dismiss the complaint in the absence of proof

that defendant had secured compensation insurance covering plaintiff's employment (*Paulsen* v. *Kahn*, 248 App. Div. 744). The burden of such proof was on defendant in connection with its affirmative defense that procurement of workmen's compensation benefits was plaintiff's exclusive remedy, since the complaint, which specifically alleged that plaintiff was not an employee of defendant, did not disclose a state of facts bringing the matter within the purview of the Workmen's Compensation Law (*Nilsen* v. *American Bridge Co.*, 221 N. Y. 12; cf. *Kuhn* v. *City of New York*, 274 N. Y. 118, 129). We are further of the opinion that the issue of whether plaintiff was defendant's special employee was one of fact for the jury. Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.