Barry E. **BENSON** and Judy Benson, husband and wife, Petitioners,

v.

**CITY OF NENANA,** Respondent.

No. S–1169.

Supreme Court of Alaska.

Sept. 19, 1986.

L. Ames Luce, Law Offices of L. Ames Luce, Anchorage, and Millard F. Ingraham, Law Offices of Millard F. Ingraham, P.C., Fairbanks, for petitioners.

Charles Hagans, Hagans, Brown & Gibbs, Anchorage, for respondent.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

MATTHEWS, Justice.

Barry and Judy Benson brought a negligence action against the City of Nenana for injuries suffered by Barry while working on a city project. The city contended that Benson was an employee of the city

and thus it was liable only under the provisions of the Workers' Compensation Act.[1] Benson, on the other hand, claimed that the Act did not apply because he was an independent contractor.

The superior court granted the city a bench trial on the issue of whether Benson was an employee or an independent contractor. Benson has sought review, contending that he has a constitutional right to a jury trial on the issue. We granted the petition, heard it on an expedited basis, and entered an order affirming the decision of the trial court. This opinion explains the reasons for our decision.

The issue before us is a question of Alaska constitutional law. Alaska Civil Rule 38(a) grants a jury trial only "as declared by section 16 of article I of the constitution, or as given by a statute of the state." Since no statute grants a jury trial under the circumstances of this case, we turn to the constitution.[2]

The Alaska Constitution states that: "In civil cases where the amount in controversy exceeds two hundred fifty dollars, the right of trial by a jury of twelve is preserved to the same extent as it existed at common law." Alaska Const. art. I, § 16.

Not all issues of fact arising in a legal action must be tried by a jury. *See* 5 J. Moore, J. Lucas and J. Wicker, *Moore's Federal Practice* § 38.38[4], at 38–339 (2d ed. 1985) (hereinafter cited as *Moore's Federal Practice*). Equitable defenses, for example, which have no common issues of fact with a legal claim, are to be tried to the court. *See West v. Devitt,* 311 F.2d 787 (8th Cir.1963) (defense of laches in maritime personal injury action is to be tried to the court).[3] Logically, the same rule should apply to defenses based upon a statute under which no right of trial by jury exists. The exclusive remedy defense of the Workers' Compensation Act falls within this category.

In the present case, the factual issues underlying the negligence claim against the city do not overlap those underlying Benson's employee status. Thus, the rule of *Beacon Theaters v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)—when a case contains both legal and equitable claims, the common facts must be first tried to a jury—does not by analogy apply.[4]

In support of a jury trial, Benson cites *Taylor v. Interior Enterprises, Inc.,* 471 P.2d 405 (Alaska 1970), and *Searfus v. Northern Gas Co.,* 472 P.2d 966 (Alaska 1970). In *Taylor,* the issue was whether the trial judge had properly directed a verdict on the question of whether the defendant was an employee. We held that directing a verdict was proper because reasonable persons could not differ on the result. The question of whether there should be a court or jury trial where a legitimate fact question as to employee status existed was not before the court. In *Searfus* the trial judge submitted the question of employee status to the jury without objection of either party. The court or jury trial issue was not before the court. Thus, neither *Taylor* nor *Searfus* stands for the proposition that the question of employee status is for the jury rather than the court.

Benson cites cases from other jurisdictions where courts have held that employment status is a factual question for the jury—*Kowalski v. Shell Oil Co.,* 23 Cal.3d 168, 151 Cal.Rptr. 671, 588 P.2d 811 (1979); *Miller v. Long Beach Oil Development*

---

1. AS 23.30.055 provides in relevant part: "The liability of an employer ... is exclusive...."

2. Although the United States Constitution provides a civil jury trial right, it does not apply to the states. *See Curtis v. Loether,* 415 U.S. 189, 192 n. 6, 94 S.Ct. 1005, 1007 n. 6, 39 L.Ed.2d 260, 265 n. 6 (1974).

3. *Cf. Alaska Northern Development, Inc. v. Alyeska Pipeline Service Co.,* 666 P.2d 33, 41 (Alaska 1983), *cert. denied,* 464 U.S. 1041, 104 S.Ct. 706,

79 L.Ed.2d 170 (1984) (in an action to reform a contract and to recover damages, reformation issue is for the court, breach and damages issues are for the jury).

4. We adopted the *Beacon Theaters* rule in *Shope v. Sims,* 658 P.2d 1336, 1340 (Alaska 1983), and affirmed our support for that rule in *Municipality of Anchorage v. Baugh Construction and Engineering,* 722 P.2d 919, (Alaska, 1986).

Co., 167 Cal.App.2d 546, 334 P.2d 695 (1959); *J & K Construction Co. v. Molton*, 154 Colo. 114, 390 P.2d 68 (1964); *Anderson v. Gailey*, 97 Idaho 813, 555 P.2d 144 (1976); *Flatau v. Fairchild Camera and Instrument Corp.*, 40 App.Div.2d 990, 338 N.Y.S.2d 663 (1972); *Friedl v. Hennard*, 66 App.Div.2d 1024, 411 N.Y.S.2d 731 (1978); *Southwestern Bell Telephone Co. v. Ward*, 200 Okl. 315, 193 P.2d 569 (1948); *Smick v. Burnup and Simms*, 35 Wash.App. 276, 666 P.2d 926 (1983); *Franklin v. Puget Sound Tug & Barge Co.*, 21 Wash.App. 517, 586 P.2d 489 (1978). Only one of these cases, however, addressed the question of whether a jury trial was constitutionally required. In that case, *Anderson v. Gailey*, the Idaho Supreme Court found that there were fact issues common to both the exclusive remedy defense and the merits of the tort claim. The other authorities cited by Benson merely assumed that the jury should try all factual issues.

Other jurisdictions hold on various grounds that Compensation Act or similar defenses to common law tort actions are to be tried to the court, rather than to the jury. *E.g., Morgan v. Hayes*, 426 P.2d 647, 648–51 (Ariz.1967) (question of whether Industrial Commission has jurisdiction is a preliminary question for the court), *cert. denied* 387 U.S. 859, 88 S.Ct. 105, 19 L.Ed.2d 125 (1967); *Petition of Nealon*, 334 Mass. 213, 134 N.E.2d 886, 889 (1956) (judge determines whether tort suit is authorized); *Cornelison v. Seabold*, 460 P.2d 1009, 1011 (Or.1969) (Oregon Constitution permits the court to decide whether Compensation Act governs because the Act was created by the legislature, not the common law); *Adams v. Davidson-Paxon Co.*, 230 S.C. 532, 96 S.E.2d 566, 571 (1957) (whether the claim is within the Commission's jurisdiction is for the court, including the factual issues).

Order AFFIRMED.