NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| In the Matter of the Adoption of A.D.A.S., a Minor. | ) Supreme Court No. S-14109 |
| | ) |
| | ) Superior Court No. 4FA-10-00114 PR |
| | ) |
| | ) MEMORANDUM OPINION |
| | )     AND JUDGMENT* |
| | ) |
| | ) No. 1421 - June 6, 2012 |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Randy M. Olsen, Judge.

Appearances: Daniel L. Callahan, Callahan Law Office, Fairbanks, for Appellant. Valerie M. Therrien, Fairbanks, for Appellees. Susan M. Carney, Assistant Public Advocate, and Richard Allen, Public Advocate, Fairbanks, Guardian Ad Litem.

Before: Carpeneti, Chief Justice, Fabe, Winfree, and Stowers, Justices.

## I.     INTRODUCTION

The superior court entered an adoption decree, granting the child's grandmother "reasonable visitation" rights despite her request for specified visitation rights. The grandmother appeals. She argues the superior court improperly denied her specified visitation request by granting summary judgment without an evidentiary hearing. Because there were no genuine issues of material fact barring entry of judgment as a matter of law, we affirm the superior court's decision.

---

\*     Entered pursuant to Alaska Appellate Rule 214.

## II. FACTS AND PROCEEDINGS

Aaron was born in Fairbanks in September 2007.[1]  In October 2007 the State of Alaska, Department of Health and Social Services, Office of Children's Services (OCS) placed him in foster care with the Smiths.  Aaron has since been in their care and custody.

Zach, who is about one year older than Aaron, is Aaron's biological brother and has been adopted by their grandmother.  The grandmother and Zach had regular weekly visits with Aaron from June 2008 through December 2009.  Aaron's biological mother relinquished her parental rights to Aaron in January 2010.[2]  Her relinquishment reserved certain visitation rights, with the grandmother expressly included in some of the reserved visits.

The Smiths petitioned to adopt Aaron in March 2010.  The grandmother was allowed to intervene to assert her statutory visitation rights.[3]  Upon the grandmother's and the Smiths' request, the superior court then scheduled an evidentiary hearing on the appropriate nature of visitation rights.

In June Aaron's guardian ad litem moved for summary judgment to deny the grandmother specified visitation.  The superior court granted summary judgment and vacated the evidentiary hearing, declining to order specified visitation but granting the

---

[1]    We use pseudonyms for all family members and the adoptive parents to protect their identities.

[2]    Aaron's biological father relinquished his parental rights in August 2009.

[3]    AS 25.20.065(a) provides "a child's grandparent may petition the superior court for an order establishing reasonable rights of visitation between the grandparent and child."  *See also* AS 25.23.130(c) (providing that "[n]othing . . . prohibits an adoption that allows visitation between the adopted person and that person's natural parents or other relatives").

grandmother and Zach reasonable visitation rights. The grandmother moved for reconsideration, arguing the superior court incorrectly applied a heightened evidentiary standard for establishing her visitation rights before the adoption decree had been entered and granted summary judgment without an evidentiary hearing. After inviting the other parties to address the grandmother's latter argument, the superior court denied the reconsideration motion.

The adoption hearing was held in October 2010. The Smiths' attorney lodged proposed findings of fact and conclusions of law stating the grandmother "shall have rights of visitation in the sole discretion of the [Smiths] and in the best interests of the child." The grandmother objected to the wording, arguing "reasonable visitation" rights granted in the court's summary judgment order and visitation with Zach should be specifically included in the order. The Smiths' attorney lodged new proposals, but the grandmother again objected because visitation rights with Zach were not included. In November 2010 the superior court entered its findings of fact and conclusions of law and the adoption decree, both stating the grandmother and Zach were entitled to reasonable visitation.

The grandmother appeals, arguing the superior court erred: (1) in vacating the evidentiary hearing because there was a genuine issue of material fact regarding whether visitation was in Aaron's best interests; and (2) by applying a clear and convincing standard to her specified visitation request.

## III.    STANDARD OF REVIEW

We review a grant of summary judgment de novo.[4] Whether there is a

---

[4]     *Fraternal Order of Eagles v. City & Borough of Juneau*, 254 P.3d 348, 352 (Alaska 2011).

genuine issue of material fact barring summary judgment is a question of law.[5] The superior court's award or denial of visitation rights in an adoption context is reviewed for abuse of discretion.[6]

## IV.    DISCUSSION

The grandmother argues she was entitled to an evidentiary hearing on her specified visitation request. She argues decisions regarding the extent and frequency of visitation are inherently factual inquiries because Aaron's best interests determines the visitation framework. She further argues her uncontradicted testimony regarding recent "difficulties in arranging or exercising visitation with Aaron due to the Smiths' non-responsiveness or non-cooperation" precluded summary judgment, as the changed visitation circumstances beginning in December 2009 "created a reasonable inference that the Smiths were actively discouraging visitation, and that they would continue to do so after [the adoption]."

The Smiths respond that the grandmother failed to raise a genuine issue of material fact. They note the grandmother conceded they were appropriate adoptive parents and had acted reasonably in Aaron's care. They argue that speculation regarding whether they will facilitate visitation with the grandmother and Zach does not create a genuine issue of material fact because they are "clearly bound" by the adoption decree

---

[5]    *See Taylor v. Interior Enters.*, 471 P.2d 405, 407 (Alaska 1970) ("When the court determines whether there is a question of fact to be presented to the jury, the court is deciding a question of law."); 9B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2524 (3d ed. 2008) (stating it "no longer is subject to doubt that whether the evidence presented at trial is sufficient to create an issue of fact for the jury or will permit the court to enter judgment as a matter of law is solely a question of law").

[6]    *Cf. C.L. v. P.C.S.*, 17 P.3d 769, 778 (Alaska 2001) (citing *J.F.E. v. J.A.S.*, 930 P.2d 409, 411 (Alaska 1996) ("We reverse a trial court's resolution of child custody issues when we are convinced that the record shows an abuse of discretion . . . .")).

to provide reasonable visitation rights and the grandmother testified she had no reason to believe they would deny visitation.[7]

In its order granting summary judgment, the superior court noted three uncontested material facts: (1) all parties agreed the Smiths' adoption of Aaron should go forward; (2) all parties agreed Aaron's continued visits with the grandmother and Zach were in his best interests; and (3) all parties agreed the Smiths were fit to make visitation decisions. On these uncontested facts, the court had "no reservation" ordering the grandmother and Zach be given reasonable visitation rights in the adoption decree. But it exercised its discretion to decline granting specified visitation because of the uncertainties of future events and relationships and "the responsibilities and rights inherent in parenthood which will attach to the [Smiths]." The court concluded the Smiths should retain discretion in considering Aaron's best interests regarding the visits' frequency and nature.

The superior court's summary judgment order addressed two implicit questions. First, was the grandmother entitled to visitation rights? Second, if so, what should be the nature of such rights? As to the first question, the superior court correctly

---

[7] The Smiths argue the issue is waived because the grandmother did not object to the adoption decree's "reasonable visitation" language. Because the grandmother opposed the superior court's grant of summary judgment on the visitation issue and then properly objected again in her motion for reconsideration, the Smiths' argument has no merit.

The Smiths also argue the grandmother invited any error by asking for the decree language regarding visitation. But the grandmother merely objected to the Smiths' inability or unwillingness to faithfully and accurately incorporate the superior court's summary judgment order into the findings and conclusions and the decree. *See McDougall v. Lumpkin*, 11 P.3d 990, 998 (Alaska 2000) ("Counsel agreeing to draft written findings and conclusions for the superior court is essentially a scribe who must accurately memorialize the court's oral findings and conclusions."). Accordingly, this argument also lacks merit.

noted AS 25.23.130 permits visitation rights to be ordered between an adopted child and the child's natural relatives.[8]  Because it was undisputed that continued visits between Aaron, his grandmother, and Zach were in Aaron's best interests, the court properly ruled they were entitled to visitation rights.

As to the second question, the superior court was required to be mindful of several potentially competing interests:  (1) the grandmother and Zach were entitled to visitation with Aaron; (2) the Smiths' adoption of Aaron was uncontested and the grandmother's visitation could not unreasonably interfere with their (future) parental rights; and (3) the visitation framework had to reasonably reflect Aaron's best interests in light of the adoption and all other relevant family circumstances.[9]  It properly considered these interests and concluded that the grandmother's visitation rights set forth in the adoption decree should be limited to reasonable visitation.

The grandmother's speculation that the Smiths might not allow reasonable visitation after the adoption decree was entered does not raise a genuine issue of material fact.  While a disagreement regarding the frequency and nature of pre-adoption visits may have existed, apparently arising to some extent from the pre-adoption status quo that Aaron was in OCS's legal custody but with the Smiths as foster parents, this was not sufficient to preclude summary judgment in the adoption proceedings.  The court had before it sufficient undisputed material facts to weigh the competing interests and decide

---

[8]     AS 25.23.130(c) provides in relevant part that "[n]othing in this chapter prohibits an adoption that allows visitation between the adopted person and that person's natural parents or other relatives."  *See also* AS 25.20.065(a) (stating "a child's grandparent may petition the superior court for an order establishing reasonable rights of visitation between the grandparent and child").

[9]     *See, e.g.*, *In re Adoption of S.K.L.H.*, 204 P.3d 320, 333 (Alaska 2009) (listing potential competing interests a superior court must be mindful of in fashioning a visitation framework).

as a matter of law, without an evidentiary hearing, that visitation should be reasonable, not specified.[10]

## V. CONCLUSION

For the reasons discussed, we AFFIRM the superior court's grant of "reasonable visitation" to the grandmother and Zach in Aaron's adoption decree.

---

[10] Because the superior court entered summary judgment on undisputed material facts, we do not need to address the grandmother's argument that the superior court improperly incorporated the heightened evidentiary standards of *Evans v. McTaggart*, 88 P.3d 1078, 1085 (Alaska 2004) (finding a non-parent must show by clear and convincing evidence that a parent is unfit to overcome the parental preference as to custody issues).