*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| LEONA SEAL, Personal Representative of the Estate of NICHOLSON J. TINKER, | Supreme Court No.: S-18244 |
| | Superior Court No.: 3AN-17-10122 CI |
| Appellant, | |
| | O P I N I O N |
| v. | |
| | No. 7649 – April 28, 2023 |
| MARK C. WELTY, d/b/a NORTH COUNTRY SERVICES, | |
| | |
| Appellee. | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Thomas A. Matthews, Judge.

Appearances: David Murrills, Schlehofer Law Offices, P.C., Anchorage, for Appellant. David H. Shoup, Tindall Bennett & Shoup, P.C., Anchorage, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson Justices.

CARNEY, Justice.

## I.    INTRODUCTION

In *Benson v. City of Nenana* we held that a worker who brought a common law negligence action against the entity for whom he worked was not entitled to a jury trial on the question whether he was an employee or independent contractor under the

Alaska Workers' Compensation Act.[1] Relying on *Benson*, the estate of a worker killed in a construction accident asked the superior court to hold a preliminary hearing to determine whether he was an employee before proceeding to a jury trial on the estate's wrongful death claim. The estate requested the determination because the Act provides that an employer that fails to obtain workers' compensation insurance is presumed negligent and cannot assert certain defenses against claims brought by an employee. The superior court decided that the question of employee status was an issue for the jury to decide. The estate petitioned for review, which we granted. *Benson* controls the outcome of this case. We reverse the superior court's order that employee status be tried to the jury and remand for further proceedings consistent with this opinion.

## II.    FACTS AND PROCEEDINGS[2]

Nicholson Tinker died in a work-related accident when a retaining wall at a construction site collapsed on him.[3] He was working for Mark Welty, d/b/a North Country Services; Welty had no workers' compensation coverage.[4] The owner of the building where the accident happened also had no workers' compensation coverage.[5]

Tinker's mother, Leona Seal, was appointed personal representative of his

---

[1]    725 P.2d 490, 491 (Alaska 1986).

[2]    This is the second time this case has come before us. *Seal v. Welty*, 477 P.3d 613 (Alaska 2020). Facts are taken from the earlier decision, with additional relevant details drawn from the record.

[3]    *Id.* at 615.

[4]    *Id.* Welty's general liability insurer denied coverage for the incident. *Id.*

[5]    *Id.* at 615-16.

estate (the Estate).[6] Seal filed a workers' compensation claim in her own name against the Alaska Workers' Compensation Benefits Guaranty Fund, which joined Welty and the property owner to the claim; the Estate later filed a wrongful death suit in superior court.[7]

The Estate's complaint alleged Tinker was an employee and that under the Act Welty was presumed negligent because he had no compensation coverage.[8] Welty disputed whether Tinker was his employee, contending Tinker was an independent contractor and the Act therefore did not apply.[9] The superior court and the Board both began proceedings, but the Board did not schedule any hearings after learning that the Estate wanted to pursue the civil action.[10]

Early in the superior court proceedings, the Estate asked the court to make a preliminary determination of employee status and suggested a bifurcated trial for that purpose. The Estate argued that under *Benson* the court, not the jury, must decide the issue. The Estate maintained that the employee status issue should be resolved in advance of trial, "following an appropriate evidentiary hearing" if necessary, and requested an early resolution of the issue because of its impact on discovery and trial

---

[6]     *Id.* at 616.

[7]     *Id.* The superior court and the Alaska Workers' Compensation Board have concurrent jurisdiction when, as here, there is a question of the Workers' Compensation Act's applicability. *See id.* at 619 (citing *Ehredt v. DeHavilland Aircraft Co. of Canada*, 705 P.2d 446, 450 (Alaska 1985); *Nelson v. Mun. of Anchorage*, 267 P.3d 636, 643-44 (Alaska 2011); *Himschoot v. Shanley*, 908 P.2d 1035, 1040 (Alaska 1996)).

[8]     *See* AS 23.30.080(b) (establishing presumption of negligence when employer is uninsured).

[9]     *Seal*, 477 P.3d at 616.

[10]     *Id.*

preparation. At a trial setting conference the court scheduled an evidentiary hearing about employee status as well as a date for trial on the merits.

The Estate later settled its claims against the property owner; Welty did not join the settlement.[11] As part of the settlement the Estate agreed to dismiss the workers' compensation claim against both Welty and the property owner and also to dismiss the superior court case against the property owner.[12] The settlement specifically stated the Estate was not dismissing the civil lawsuit against Welty.[13] The parties asked the superior court to vacate the order for the evidentiary hearing; the Estate advised the court it had settled with the property owner and wanted to explore settlement with Welty.

After the Board proceedings concluded, Welty filed the summary judgment motion that was the basis for our earlier decision.[14] Before the superior court ruled on Welty's summary judgment motion, the Estate filed a Motion for Ruling of Law about employee status pursuant to Alaska Civil Rule 12(c) and (d).[15] The Rule of Law motion had three arguments related to Tinker's employment status and stressed the importance of the issue: if Tinker were Welty's employee, Welty would be unable to assert multiple

---

[11]     *Id.* at 616-17.

[12]     *Id.*

[13]     *Id.* at 617.

[14]     *Id.*

[15]     Alaska Civil Rule 12(d) provides, "The defenses specifically enumerated (1)-(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial." Rule 12(b) includes jurisdictional challenges among the listed defenses.

defenses in the wrongful death case.[16]

The Rule of Law motion sought a legal ruling that Tinker was Welty's employee under the Act; the Estate appended a significant amount of factual information to support its position. The Estate first argued that employee status is jurisdictional, justifying early resolution of the issue.[17] It also asserted that employment status was an issue for the court and not the jury under *Benson*. The Estate contended that the "relative nature of the work" test we adopted in *Searfus v. Northern Gas Co.*[18] or the Board's related regulation about employee status[19] set out the correct legal test for deciding

---

[16] *See* AS 23.30.055 (providing that employer cannot use assumption of risk, fellow-servant defense, or contributory negligence as defenses when employer fails to secure workers' compensation and employee brings a lawsuit against employer); *see also* AS 23.30.080(a) (expanding employer's prohibited defenses if employer carries no workers' compensation insurance).

[17] When an employer has workers' compensation coverage, employee status is clearly jurisdictional because the Board, not the superior court, has jurisdiction over claims for injuries that are work related. *See DeNuptiis v. Unocal Corp.*, 63 P.3d 272, 277 (Alaska 2003) (summarizing Board's "broad powers to administer the Workers' Compensation Act" under AS 23.30.005 and AS 23.30.135, which include investigation of claims and hearings on those claims); *cf. Nickels v. Napolilli*, 29 P.3d 242, 253 (Alaska 2001) (holding that superior court "properly deferred deciding any remaining matters relating to the merits of [the employee's] administrative claims" after court determined employee had "no tenable claim at law"). Neither defendant here denied that the superior court had jurisdiction.

[18] 472 P.2d 966, 969 (Alaska 1970).

[19] *See* former 8 Alaska Administrative Code (AAC) 45.890, repealed 8 AAC Register 230 (May 12, 2019) (setting out factors to weigh in determining employee status). After the legislature amended the Workers' Compensation Act in 2018 to modify the definition of "employee" and to add independent contractors to the list of occupations not covered by the Act, ch. 91, §§ 17, 21, SLA 2018, the Board repealed 8 AAC 45.890. *See* Alaska Workers' Compensation Board Meeting Minutes at 4 (Oct.

(continued...)

employee status. Based on that test, it argued that the facts demonstrated Tinker was an employee and not an independent contractor.

Welty countered that the Rule of Law motion was really a motion for partial summary judgment and therefore the evidence needed to be construed in his favor. Welty argued that the common law master-servant rule from another tort context[20] was the applicable legal test for employee status, not the relative nature of the work test. He maintained that material factual issues precluded summary judgment. Welty's opposition did not address whether the jury or the court should determine employee status.

In reply the Estate insisted that the Rule of Law motion was not one for partial summary judgment, writing that it was undisputed that the issue of employee status was "a preliminary issue of law and fact that only the [c]ourt (and not a jury) has to decide." (Emphasis omitted.) The Estate agreed that material factual disputes existed and said the issue was not "susceptible to resolution" on summary judgment. The Estate reiterated that under *Benson*[21] the court was required to resolve employee status and argued that under Rule 12(d) the parties could request a hearing to resolve factual disputes or the court could make findings based on the written evidence the parties had submitted.

The court then granted Welty's initial summary judgment motion

---

[19]     (...continued)
4-5, 2018), https://labor.alaska.gov/wc/forms/2018-10-Board_Meeting_Minutes.pdf.

[20]     *See Powell v. Tanner*, 59 P.3d 246, 248-50 (Alaska 2002) (adopting independent contractor test from Restatement of Agency to determine whether tortfeasor's employer was liable under the doctrine of respondeat superior).

[21]     *Benson v. City of Nenana*, 725 P.2d 490 (Alaska 1986).

dismissing the case,[22] and decided that all the pending motions, including the Rule of Law motion, were moot. When we reversed the dismissal and remanded for further proceedings[23] we noted that Tinker's employee status had not been resolved in the Board proceeding and continued to be an open question.[24]

Shortly after the remand, the Estate requested a ruling on the Rule of Law motion, observing that the motion had been ripe before the appeal. The superior court allowed Welty to respond to the request for a ruling if he was "opposed to [the Estate's] request for ruling." In his response Welty did not oppose the court issuing a ruling, but he included new legal arguments in opposition to the motion. Welty contended that *Benson* did not apply because the employee status question was governed by the common law rather than the Act. He argued that the issue of employee status had been determined "at trial" (emphasis omitted) in *Benson*[25] and in *Nickels v. Napolilli*,[26] another case the Estate relied on, rather than at a "preliminary hearing." Welty distinguished *Benson* because in that case the employer raised the exclusive liability defense, while he

---

[22]    *Seal v. Welty*, 477 P.3d 613, 618 (Alaska 2020).

[23]    *Id.* at 626.

[24]    *Id.* at 621.

[25]    *Benson*, 725 P.2d 490. The superior court in *Benson* "granted the city a bench trial on the issue of whether Benson was an employee or an independent contractor," after which the employee petitioned for review, which we granted. *Id.* at 491. We "heard [the petition] on an expedited basis, and entered an order affirming the decision" before issuing the opinion. *Id.*

[26]    29 P.3d 242 (Alaska 2001). In *Nickels* the superior court held a preliminary bench trial on the issue of employee status and decided Nickels was an employee under the Act. *Id.* at 246. Shortly before a scheduled jury trial, Nickels abandoned her tort claims, and the superior court granted the employers' motion to dismiss but gave Nickels 90 days to file a workers' compensation claim with the Board. *Id.*

had not.

The superior court denied in part and granted in part the Estate's Rule of Law motion, treating it as one for partial summary judgment. The court decided that the relative nature of the work test applied and that material factual disputes precluded summary judgment about Tinker's status. The court then turned to the question whether a separate bench trial was necessary and concluded it was not because the jury should decide the employee status question. The court considered five of our decisions about the exclusive liability provisions of the Act, dividing them into two categories. The court interpreted *Benson*[27] and *Benner v. Wichman*[28] as cases in which "the injured parties were already classified as employees and their respective employers carried workers' compensation,"[29] with the sole issue being whether the exclusive liability defense applied. The court reasoned that *Benson* and *Benner* were distinguishable because Welty did not have compensation coverage, and so could not raise the exclusive liability defense. The court interpreted the other three cases as being about employee

---

[27]     725 P.2d 490.

[28]     874 P.2d 949 (Alaska 1994) (applying the relative nature of the work test to determine whether a sub-subcontractor was an employee of subcontractor).

[29]     Employee status was in fact contested in both *Benson* and *Benner*. In *Benson* the injured worker contended he was an independent contractor, while the City of Nenana argued he was an employee. *Benson*, 725 P.2d at 490-91. The question in *Benner* was whether a defendant was a co-employee, who was covered by the exclusive liability provision, or an independent contractor, who was not. *Benner*, 874 P.2d at 952-53.

classification. The court thought that both *Trudell v. Hibbert*[30] and *Nickels v. Napolilli*[31] involved "bench trials to determine the classification . . . as either employees or independent contractors," while *Odsather v. Richardson*[32] presented an issue of classification decided on summary judgment. Apparently because it believed that *Benson*'s holding rested on the availability of the exclusive liability defense rather than the broader question of the Act's applicability, the court decided the jury should determine whether Tinker was an employee or independent contractor.

The Estate moved for reconsideration, contending that *Benson* was "dispositive and controlling" on the issue whether the court and not the jury should determine employee status. The Estate pointed out that *Benson* involved an employee classification dispute and argued the court had distinguished *Benson* for a reason "that simply does not exist." The Estate maintained that none of the cases the court relied on was inconsistent with the rule that the court and not the jury should decide employee status. The Estate argued that employee status needed to be resolved before trial because the determination would have "a profound impact" (emphasis omitted) on several issues for trial, such as the burden of proof.[33]

---

[30] 272 P.3d 331 (Alaska 2012), *vacated in part on other grounds* 299 P.3d 1279 (Alaska 2013) (considering whether property owners were "project owners" under AS 23.30.045).

[31] 29 P.3d 242 (Alaska 2001).

[32] 96 P.3d 521 (Alaska 2004) (holding that factual disputes precluded summary judgment on co-employee status of two truckers who were involved in collision).

[33] *See* AS 23.30.080(b) ("In an action by an employee against an employer for personal injury sustained arising out of and in the course of the employment where the employer has failed to insure or to provide security as required by AS 23.30.075, it

(continued...)

The court allowed Welty to respond to the Estate's reconsideration motion and further permitted the Estate to reply. Welty opposed reconsideration, arguing for the first time that *Benson* required employee status to be tried to a jury when there were common issues of fact between employee status and negligence. Welty also contended that "absent the [employer]'s defense of the exclusive remedy provision . . . the issue would have gone to the jury," relying on a statement in *Benson* that distinguished a rule about when equitable and legal claims overlap.[34] Welty distinguished other cases because the employer had raised exclusive liability[35] as a defense. Welty tried to distinguish *Nickels* by incorrectly asserting that in the Estate's case "there is no claim that the [Alaska Workers' Compensation Act] applies."

In reply the Estate argued that employee status in this case was a statutory issue, "not an issue that existed at 'common law,' " so the right to a jury trial did not apply. The Estate asserted that *Benson* rejected the very argument Welty was making. It also responded to Welty's argument that AS 23.30.080 did not apply by pointing out that AS 23.30.080 would not apply only if Tinker was not an "employee" under the Act, which was the precise issue about which the Estate sought a preliminary determination.

---

[33]    (...continued)
is presumed that the injury to the employee was the first result growing out of the negligence of the employer and that the employer's negligence was the proximate cause of the injury; *the burden of proof rests upon the employer* to rebut this presumption of negligence." (emphasis added)).

[34]    *Benson*, 725 P.3d at 491.

[35]    Alaska Statute 23.30.055 refers to an employer's liability rather than an employee's remedy. When an employer is insured or self-insured, workers' compensation is an employee's sole remedy against his employer for injuries that fall within the Act's coverage, so this section is also sometimes called the exclusive remedy provision. *E.g.*, *Benner v. Wichman*, 874 P.2d 949, 951-52 (Alaska 1994) (referring to "exclusive remedy" when discussing AS 23.30.055).

The court never ruled on the reconsideration motion, so it was deemed denied.[36] We granted the Estate's petition for review of the court's decision to try the employee status issue to the jury.

## III. STANDARD OF REVIEW

We apply our independent judgment to questions of constitutional and statutory interpretation.[37] We review de novo the superior court's interpretation of the civil rules.[38]

## IV. DISCUSSION

### A. *Benson v. City of Nenana* Requires That The Court, Not The Jury, Decide Whether Tinker Was Welty's Employee Or An Independent Contractor.

The Estate's case presents the exact issue we decided in *Benson*, where we held that the question of an injured person's status as an employee or independent contractor under the Act was an issue for the court and not for the jury. Welty attempts to distinguish *Benson* on several grounds, all of them unavailing.

Welty asserts that the superior court's order correctly stated that the issue in *Benson* "was *not* whether the injured worker was an independent contractor or an employee" (emphasis in original) because the City of Nenana had classified Benson as an employee. The superior court was mistaken. In *Benson* "[t]he city contended that Benson was an employee of the city and thus it was liable only under the provisions of the . . . Act. Benson, on the other hand, claimed that the Act did not apply because he

---

[36] Alaska R. Civ. P. 77(k)(4).

[37] *Burke v. Raven Elec., Inc.*, 420 P.3d 1196, 1202 (Alaska 2018).

[38] *Wolff v. Cunningham*, 187 P.3d 479, 482 (Alaska 2008).

was an independent contractor."[39] As here, one party in *Benson* claimed the worker was an employee and the other that he was an independent contractor, and they disputed the applicability of the Act to the facts of the case. The only difference between *Benson* and this case is which party claims that the worker was an independent contractor.

Welty next argues that "the rule of *Benson* applies to defenses, not to affirmative claims asserted on behalf of injured workers." *Benson* is not so limited. In *Benson* we discussed the City's defense because it was at issue, but our reasoning began with the broader premise that "[n]ot all issues of fact arising in a legal action must be tried by a jury."[40] That rule is not limited to defenses. *Shope v. Sims*, which first adopted the federal law rule concerning trial to the jury of fact issues common to equitable and legal claims, involved affirmative claims, not defenses.[41] In the context of injured workers' civil lawsuits for damages against putative employers, the question of the Act's applicability usually arises when an employer raises the exclusive liability defense,[42] but it can arise in other contexts, as *Nickels v. Napolilli* demonstrates.[43]

*Nickels* included a breach of contract action that rested on the injured party's status as an employee under the Act.[44] We affirmed the superior court's determination — made at a bench trial held weeks before a scheduled jury trial — that

---

[39] *Benson*, 725 P.2d at 490-91.

[40] *Id.* at 491.

[41] 658 P.2d 1336, 1340 (Alaska 1983).

[42] *E.g.*, *Benson*, 725 P.2d at 490-91 (exclusive liability in context of employee status); *Himschoot v. Shanley*, 908 P.2d 1035, 1037 (Alaska 1996) (exclusive liability in context of work-relatedness of injury).

[43] 29 P.3d 242 (Alaska 2001).

[44] *Id.* at 247.

the injured party was an "employee" under the Act (as well as the court's dismissal of the injured employee's breach of contract action).[45] *Nickels* demonstrates that a court may need to determine employee status in a preliminary proceeding outside the context of an exclusive liability defense. *Nickels* also illustrates how preliminary determinations of the Act's applicability can impact litigation: the Act's applicability limited the injured party's causes of action in the superior court.[46] Whether raised by an employer or employee, the Act's applicability is a legal determination with factual underpinnings[47] that the court should decide as a preliminary matter.

Finally Welty attempts to distinguish this case from *Benson* by asserting that this case falls within the rule of *Beacon Theaters v. Westover*,[48] that "when a case contains both legal and equitable claims, the common facts must be first tried to a jury."[49] Relying on *D.S.W. v. Fairbanks North Star Borough School District*[50] Welty maintains that certain factors in the relative nature of the work test are sufficiently similar to factors we discussed in *D.S.W.* so that the jury must consider the *D.S.W.* factors to decide factual issues relevant to Welty's duty of care to Tinker. We reject this argument because it misunderstands the way the *D.S.W.* factors are applied.

---

[45]    *Id.* at 246, 254.

[46]    *Id.* at 249 (holding that Act permits only tort actions when injured employee opts to pursue superior court action against uninsured employer).

[47]    *Id.* at 247 (holding that whether someone is an "employee" under Act "is a mixed question of law and fact").

[48]    359 U.S. 500 (1959).

[49]    *Benson v. City of Nenana*, 725 P.2d 490, 491 (Alaska 1986).

[50]    628 P.2d 554, 555 (Alaska 1981) (quoting *Peter W. v. S.F. Unified Sch. Dist.*, 131 Cal. Rptr. 854, 859-60 (Cal. App. 1976)).

The *D.S.W.* factors are "seven public policy considerations we use to determine whether we should recognize a negligence duty not otherwise defined by law."[51] The *D.S.W.* factors come into play after we first consider "whether a duty is imposed by statute, regulation, contract, undertaking, the parties' preexisting relationship, or existing case law"; if no duty is imposed under those authorities, we apply the *D.S.W.* factors to determine whether we should recognize a negligence duty.[52] Juries do not determine the existence of the *D.S.W.* factors, nor do juries weigh the *D.S.W.* factors to decide whether a duty of care exists. Because the only "common facts" Welty identifies are not fact issues but policy considerations, we reject his argument that this case is an exception to *Benson*.

The duty of care Welty owed Tinker is affected by the legal relationship that existed between them.[53] The Estate alleged that the Act applied and that Tinker was an "employee" under it, while Welty alleged Tinker was an independent contractor. The superior court must determine whether Tinker was Welty's "employee" as defined in the Act.[54] Because the Act does not provide a right to a jury trial, under *Benson* the factual

---

[51] *Geotek Alaska, Inc. v. Jacobs Eng'g Grp., Inc.*, 354 P.3d 368, 376 (Alaska 2015).

[52] *Id.* (quoting *McGrew v. State, Dep't of Health & Soc. Servs., Div. of Fam. & Youth Servs.*, 106 P.3d 319, 322 (Alaska 2005)).

[53] *Compare Haskell Plumbing & Heating Co. v. Weeks*, 237 F.2d 263, 265 (9th Cir. 1956) (recognizing that employer owes "common law duty to provide its employees with a reasonably safe place to work and reasonably safe equipment and appliances in connection therewith"), *with Morris v. City of Soldotna*, 553 P.2d 474, 478 (Alaska 1976) (recognizing "general rule" that employer of independent contractor "is not responsible for the negligence of the latter" unless employer has retained control over some aspect of work).

[54] In their briefing the parties dispute the precise legal test to use in evaluating
(continued...)

issues related to employee status must be decided by the court, not a jury.

## B. The Superior Court Must Decide Employee Status In Advance Of The Jury Trial.

The Estate argues that the superior court should resolve the employee status issue early in the litigation just as the superior court resolves discovery rule disputes in statutes of limitations defenses.[55] Welty appears to argue that a preliminary proceeding to determine facts is not appropriate because the statute of limitations is a defense, and he did not raise the exclusive liability defense. We agree with the Estate that employee status should be decided as a preliminary issue.

The Act's applicability may arise in several distinct procedural contexts when an injured party brings a superior court negligence action for a work-related injury. An employer-defendant may raise the issue as a defense, and in those circumstances it

---

[54] (...continued)
whether Tinker was an employee. The Estate asserts that the 2018 amendment to the Act should apply because it codified the relative nature of the work test. In its original motion, the Estate based its argument on the Board's regulation. On appeal Welty contends that "neither the statute nor the regulation are parts of the relative nature of the work test" from our precedent. This issue is not properly before us, and we leave it to the superior court to determine in the first instance whether the statutory standard applies. The Board's regulation was explicitly based on the relative nature of the work test. 8 AAC 45.890, repealed 8 AAC Register 230 (May 12, 2019) ("[T]he [B]oard will determine whether a person is an 'employee' based on the relative-nature-of-the-work test."). The Board and the superior court have concurrent jurisdiction over this issue, so the tests should be substantially the same. *Cf. Benner v. Wichman*, 874 P.2d 949, 952 (Alaska 1994) ("Alaska has adopted the 'relative nature of the work' test for determining when a person is another's employee." (citing *Searfus v. N. Gas Co.*, 472 P.2d 966, 969 (Alaska 1970); 8 AAC 45.890 (1991))).

[55] *Cf. Pedersen v. Zielski*, 822 P.2d 903, 907 n.4 (Alaska 1991) (recommending to superior court that evidentiary hearing be conducted "well in advance of trial to resolve fact questions" related to statute of limitations).

may be a jurisdictional question.[56] It may also be the subject of a summary judgment motion.[57]

In this case the Estate's Rule of Law motion relied on Civil Rule 12 as a basis for requesting a hearing, implying there could be some jurisdictional question.[58] Subject matter jurisdiction is "the legal authority of a court to hear and decide a particular type of case."[59] In this case the superior court clearly had jurisdiction, particularly after the Board dismissed the workers' compensation proceeding,[60] so Rule 12 did not provide a basis for requesting a hearing. But the superior court can hold evidentiary hearings under Alaska Civil Rule 77(i) on any motion. Alternatively, it can order a separate trial of any issue "when separate trials will be conducive to expedition and economy."[61] We agree with the Estate that prompt resolution of employee status is important because of its possible effect on such basic issues as the type of action a party

---

[56] *See Seal v. Welty*, 477 P.3d 613, 619 (Alaska 2020) (noting that Board cannot adjudicate civil claims); *Nickels v. Napolilli*, 29 P.3d 242, 254 (Alaska 2001) (holding that claims remaining after superior court decided injured party was an "employee" under the Act "must be left to the Alaska Workers' Compensation Board for resolution").

[57] *E.g.*, *Benner*, 874 P.2d at 951 (describing cross-motions for summary judgment on employee status).

[58] Civil Rule 12(d) provides that defenses listed in Rule 12(b), including jurisdiction, "shall be heard and determined before trial on application of any party" unless the court defers the issue until trial.

[59] *State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs. v. Michelle P.*, 411 P.3d 576, 582 (Alaska 2018) (quoting *Hawkins v. Attatayuk*, 322 P.3d 891, 894 (Alaska 2014)). The Estate's motion did not specify what type of jurisdiction might be at issue, but there is no indication that personal jurisdiction was contested.

[60] *Seal*, 477 P.3d at 625-26.

[61] Alaska R. Civ. P. 42(b).

can bring or the burden of proof for negligence.

## V.    CONCLUSION

We REVERSE the superior court's order that the jury decide the issue of employee status and REMAND for further proceedings consistent with this opinion.